12  838
46  1392

### CHARLES MULLEN *v.* GIRARD FOLLAIN et al.

Where a party, whose property was sold under an order of seizure and sale, was present at the sale and bid himself for the property, he is estopped from contesting the validity of the sale on merely formal grounds which were obvious to him at the date of the sale.

If the advertisement of the sale was defective in not describing particularly the buildings, he should have objected to the sale and not enticed other persons into bidding.

APPEAL from the District Court of the Parish of St. Landry, *Martin* J. *B. F. Linton*, for plaintiff. *J. F. Morrogh*, *Swayze & Moore* and *J. E. King*, for defendants and appellants.

SPOFFORD, J. This suit was brought by the former owner of certain real estate in the town of Washington, to set aside a Sheriff's sale thereof to the defendant *Follain*, made under an order of seizure and sale, on the ground of imformalities.

The informalities alleged in the petition are four :

1st. Want of notice of seizure and notice to appoint appraisers.

2d. Want of appraisement.

3d. Want of a sufficient description of the property seized and sold.

4th. That the seizure was excessive.

The District Judge set aside the sale, and the defendants, *Follain*, and his warrantor *Dupré*, the seizing creditor, have appealed.

The judgment was erroneous, because all the alleged defects, so far, at least, as they are as proven, were cured by the conduct of the plaintiff himself.

He appeared at the sale, made no opposition thereto, bid himself for the property, thereby encouraging others to bid, and gave up possession of the whole premises as sold by the Sheriff to the purchaser *Follain*. If, under such circumstances, he could now attack the sale on merely formal grounds which were obvious to him at the date of the sale, there would be little security for bidders who might be misled by the acts of parties whose property is exposed to public sale. See *Walker* v. *Allen*, 19 La. 311 ; *MacMasters* v. *Commissioners*, &c., 1 Ann. 11 ; *Muir* v. *Henry*, 2 Ann. 593.

It is true, that, in forced alienations of real estate, there must be a reasonably certain description, as one which will enable the property to be identified. *Wilson* v. *Marshall*, 10 Ann. 329 ; *Dodeman* v. *Barrow*, 11 Ann. 87. But here the advertisement and Sheriff's returns both of the seizure and adjudication, so described the lot of ground in the town of Washington as to en-

able the parties to identify it and the Sheriff to put the purchaser in possession, which he has done. The proceedings in obtaining the order of seizure and sale, which are of record, embrace the authentic act of mortgage where the lot was also, and, perhaps, more minutely described. Because the plaintiff who, in purchasing, mortgaged to his vendor the land with the house that then stood on it, afterwards erected other small buildings upon the lot, it does not follow that the sale could be annulled on the ground that the new buildings which thus became subject to the mortgage affecting the lot (C. C. 3278) were not particularly described in the order of sale, advertisement, &c. They passed with the lot of which they became a part. (C. C. 497). The plaintiff was bound to know this, and, if he wished a more minute advertisement, should have applied in time to have it made. At least, being present, he should have objected to the sale and not have enticed other persons into a snare by bidding himself. The remarks of the Court in *Seawell* v. *Payne*, 5 Ann. 259, are directly applicable to this state of facts : " It is obvious that the plaintiff acquiesed in this description. He had his chance of buying under it, and if those who were competing with him, bought under that description, it seems to us that, on the principles of law on which courts always act in cases of this kind, it is not competent for the plaintiff to avail himself of the defective description of the property which had passed under his eye, and which he had an opportunity of correcting. We think we are authorized to infer, as a question of fact, that the plaintiff, so far as to those with whom he treated about the purchase of the property, assented to the sale in this form, and is estopped from contesting its validity on that account." Cases cited in Story's Equity Jurisprudence, secs. 384, 385, 386.

As to the alleged defects, we may remark that the record shows that there was an appraisement, and that the plaintiff appointed one of the appraisers ; this was also a waiver of notice of seizure, if such notice was not given, and the party had a remedy for an excessive seizure given by the Code of Practice, Articles 652, 653. It is too late to object on this score, after a judicial sale, and it would not even have been a sufficient ground for an injunction. See *Dobbs* v. *Hawken*, 3 Rob. 127 ; *Temple* v. *Marshall & James*, 11 An. 613.

The appellee complains, in the brief filed by his counsel, that the order of seizure and sale was issued in favor of the seizing creditor, without authentic evidence of the transfer of the note and mortgage to himself. This, though shown by the evidence, has nothing to do with the issues presented by the pleadings. In cases of this kind, the evidence is presumed to be offered to establish only the informalities alleged. No appeal was taken from the order of seizure and sale, and no opposition was made to it ; and this action was not brought to annul it for any such defect as that here insisted upon.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment against the plaintiff on his demand, he paying costs in both courts.