MARTHA FRANKLIN, Administratrix of GILLIS M. FRANKLIN, *v.* WILLIAM
WOODLAND.—MISSOURI WOODLAND, Intervenor.

A Register of the State Land Office has no authority to review and reverse a decision of his predecessor.

Duly authenticated copies of documents from the State Land Office are admissible as evidence.

In matters of conflicting settlements upon public lands, the acts and conversations of parties are admissible in evidence : the objection going to their effect.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.
Goodrich & DeFrance, for plaintiff. Louis Selby, for defendant.

BUCHANAN, J. The plaintiff sues defendant in damages for slandering her title to the north-east quarter of section twenty-seven, township 20 north, range 11 east, of the district of lands north of Red River.

Defendant answers, pleading title in himself to said land.

On the first trial, the jury who tried the cause were unable to agree. The wife of defendant then intervened, claiming the land in controversy, as heir of her first husband, *Beabout.* On the second trial, the jury found for plaintiff, without damages.

Defendant and intervenor have appealed.

The possession by plaintiff of the land, for the length of time alleged in the petition, (since the year 1847,) is admitted by the pleadings and argument. But defendant contends, that the first husband of his wife, (who died in 1844,) and himself, were in possession and cultivated the land for many years before plaintiff's possession ; and that defendant was expelled by force and violence by the deceased, *G. M. Franklin,* from the land.

These questions of fact appear to have been correctly settled by the jury. In this court, the counsel of defendant and intervenor relies upon a plea of *res judicata* pleaded by him as an exception to this action ; and upon a bill of exceptions reserved by him to the admission of evidence for plaintiff.

The plea of *res judicata* is based upon a decision of *B. Haralson,* Register of the State Land Office, in relation to the conflicting claims of plaintiff and defendant to a preëmption right upon the quarter section described above. That decision, rendered November 10th, 1856, was in favor of *William Woodland,* and a patent was issued in his favor from the State Land Office, for said quarter section, on the 17th December, 1856.

The counsel of appellant contends, that as no appeal was taken within six months, as provided by the Acts of 1853 and 1857, from this decision of the Register, the plaintiff is concluded from asserting right to the land in controversy.

But plaintiff has given in evidence a previous decision of another Register of the State Land Office, *L. I. Sigur,* of date the 2d November, 1854, upon the conflicting claims of plaintiff and defendant to this identical land ; in which, after a full recapitulation of the evidence and of the law applicable to the case, the Register comes to the conclusion, and so decides, that *Franklin's* claim is preferable to that of *Woodland.* Plaintiff also holds a patent for the land from the State Land Office, of date 24th October, 1856.

The court has been referred to no law, which authorizes a Register of the State

Land Office to review and reverse a decision of his predecessor. We remark, moreover, that the decision of Register *Sigur* is not noticed in the decision of Register *Haralson*.

The defendant's plea of *res judicata* is not sustained by the record ; even if the decision of the Register be considered a judicial decision, a point which is not raised in the argument, and which it is, therefore, unnecessary to determine. Neither of the decisions of the State Land Office passes upon any claim to the land, except those of *Woodland* and of *Franklin*. No action was taken before that tribunal by the representative of *Beabout*, the intervenor. The evidence does not show any action such as is required either by the Act of Congress or the State laws, for asserting a right of preëmption upon the land in controversy in this suit. There is a declaratory notice of *Mrs. Beabout*, dated October 3d, 1844, in evidence, but it relates to the N. W. quarter of section 26 ; not to the N. E. quarter of section 27.

Defendant excepted to the admission of various documents from the State Land Office, offered by plaintiff, on the ground that they were copies of copies. The objection does not appear sustained by the facts. The documents are properly authenticated ; also to the testimony of a witness, *Tompkins*, as to declarations made by defendant, in relation to his claim. The testimony objected to, wäs a small portion of a great mass of testimony of a similar character, received without objection. In these matters of conflicting settlements upon public lands, the acts and conversations of the parties figure necessarily very prominently in the case. All such testimony is liable to more or less suspicion ; but the objection is more to the effect than to the admissibility ; and its effect is properly to be weighed by the jury who hear, and probably know, the witnesses.

Judgment affirmed, with costs.