No. 10,802.

SAMUEL PARSON vs. JOSEPH HENRY.

A party whose property is seized under execution against him, who is notified of such seizure, who appoints an appraiser who values the property, who resides in the parish in which the judgment is executed, who makes no opposition to the sale, and who subsequently surrenders possession of the property, is estopped from claiming the nullity of the sale of the property.

Neither is such party, were the sale valid, permitted to claim its proceeds on the ground that the judgment executed had been extinguished by payments prior to the seizure and sale.

His commissions and omissions oust him from such complaints and claims.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson, J.*

*Cunningham & Tucker* for Plaintiff and Appellant:

Where the demands are brought in the alternative, plaintiff can not be compelled to elect. 27 An. 98.

The effect of a certain act as estoppel depends upon " the intent with which the act is done," and the circumstances existing at the time. 31 An. 371-3.

Under the prayer for general relief, judgment may be rendered on grounds not set up in the petition, if sustained by the evidence adduced without objection. 7 L. 46-51 and 2, 152; 3 N. S. 480; 2 An. 588, 492; 5 An. 646; 11 M. 26, 297, 548; 12 M. 242; 9 M. 303; 3 N. S. 300, etc.

When defendant fails to testify to a fact peculiarly within his knowledge, if it exists, the presumption is against him that the fact does not exist. 33 An. 1073.

In the absence of any agreement, payments are to be imputed to the debt the debtor had most interest to discharge—the most onerous debt. C. C. 2166; 16 An. 294; 2 An. 816; 25 An. 315; 15 An. 174, 526; 24 An. 472; 31 An. 789.

The imputation is made rather to the debt, for which the debtor has given security, than to that which he owes simply. 16 An. 375.

The payment must be applied to the debt lawfully due, that is, the principal, no to the usurious interest. 22 An. 420.

Parol testimony is admissible to show the real consideration of a contract evidenced by an authentic act, when not expressed therein. C. C. 1894, 1900; 12 An. 736; 32 An. 432.

While the price agreed on is of the essence of a contract of sale, it is not essential that the price be stated in the act. C. C. 1894; 12 An. 124-6.

An authentic act is full proof of the agreement contained in it, against the contracting parties; and parol evidence shall not be admitted against or beyond its contents, nor on what was said before or at the time of its execution. C. C. 2236, 2276, 2238, 2422.

As between the parties, parol is not admissible to prove simulations; this can only be shown by a counter letter, or other written evidence. 29 An. 511; 35 An. 505; 3 An. 153; 18 An. 577; 10 An. 125; 4 L. 167; 4 An. 487; 9 L. 566; 3 R. 457; 40 An. 157; 42 An. 522.

A man can not be heard to deny his judicial declaration. 42 An. 522; 40 An. 157, etc.

---

*Chaplin, Breazeale & Chaplin* for Defendant and Appellee:

A person standing by is silent while his own property is being sold and suffers another to become the purchaser, he is estopped from disputing the title thus acquired. 5 An. 367.

A party who has pointed out property, is estopped from objecting to the action of the sheriff in levying upon it. 13 An. 461.

The plea that the plaintiff is estopped from contesting the validity of the sale because he appointed an appraiser of the property sold, is valid. 27 An. 314.

He can not be permitted to avoid the responsibility of that act by stating that he did it under protest. *Ibid.*

The price of the sale must be certain, that is to say, fixed and determined by the parties. C. C. 2464.

Three circumstances concur to the perfection of the contract of sale, to-wit: the
    thing sold, the price and the consent.  21 An. 196; 24 An. 85.
In this particular, there is no difference between the contract of sale and the con-
    tract of giving in payment.  21 An. 196; 24 An. 85.
Fraud is never presumed.
He who alleges fraud must prove it.

The opinion of the court was delivered by

BERMUDEZ, C. J.   This is an action to annul a judicial sale of cer-
tain property, or to recover its proceeds.

It is urged, as a ground of nullity, coupled with charges of fraud
and ill practices, that when the writs issued the judgments had been
satisfied and so had no existence.

An exception that plaintiff occupied conflicting positions and should
be made to elect, having been sustained, the plaintiff elected, reserv-
ing a bill and the defendant then filed a plea of estoppel.

That defence rests on the averment that plaintiff, having appointed
an appraiser to value the property seized and having, after the sale,
voluntarily surrendered to the plaintiff possession of the property
adjudicated to him, has no standing in court to contest the title of the
respondent, or to inquire into the debt, evidenced by the judgments,
w ɔich were the basis of the sale.

From a judgment rejecting his demand the plaintiff prosecutes
this appeal.

Plaintiff's contention is that he was not allowed certain credits
resulting from partial payments, and that he was not credited with
the value of a number of parish judgments, which he avers to have
given in payment to defendant, some $9500.

It appears that Henry, under certain judgments, some obtained
and one acquired by him, issued execution against Parson, under
which a number of lots of ground, some movables and certain parish
judgments in the name of Henry, were seized by the sheriff who
notified Parson who appointed an appraiser, and it is claimed that
some seven months after the sale, according to a previous agree-
ment, Parson surrendered the property to the purchaser, Henry.

Parson was at the time, a resident of Natchitoches parish, where
the judgments were rendered and executed.   He was present and
did not enjoin or even oppose the sale, but waited three years before
bringing this suit.

It is unnecessary to pass upon the bill of exception to the ruling of the District Judge, requiring plaintiff to elect.

Under the facts disclosed by the record it clearly appears that Parson was duly notified of the seizure of the specific property offered for sale; that he voluntarily appointed an appraiser, was present and permitted the sale to take place without opposition. This is enough to oust him.

It will not do for Parson to say that he made the appointment at the instance of Henry. He was once a sheriff and therefore knew the significance and far-reaching effect of such an act, which is not a vain ceremony. He has not shown any error, fraud or violence.

Evidently he has no standing in court in this suit. 27 An. 314; 11 An. 64; 5 An. 367; 7 How. 172; C. P. 612.

This view of the case dispenses the court from formally determining the contention on its merit, in relation to which it may however be said that the evidence does not establish the nullity claimed and that the ostensible sale of the parish judgments was not a *dation en paiement* but rather that the same was a mandate garbed as a transfer, nominally, *for value received* for some occult purpose or scheme.

Judgment affirmed.

Watkins, J., takes no part.