*1389 The opinion of -the .court was delivered by
Perrault, District Judge.
Plaintiff alleges that he is the owner of a tract of land known as the “ Hayes place,’’-situated in the parish of. Iberia, described as Sections 47, 49, 50 and 51, in T. 13 S., R. 5 E., in the Southwestern Land District of Louisiana, containing one thousand-nine hundred and twenty-four and 12-100 acres. He further avers that a-sale thereof was made to the principal defendant, F. Jules Hebert, by O. T. Oade, Sheriff of- Iberia -parish, December 24, 1892, under a fi. fa. issued out of suit No. 349 of the docket of the Nineteenth Judicial District Court of Iberia parish, entitled “ David Hayes, Administrator, vs. Wm-.- Hayes et als.,” for the ostensible price of twenty thousand dollars cash. ' That shortly after said adjudication Hebert sold parts of said land to Zénon Decuir, Marcel Derouen and Ludger David, and that by other transfers Hebert and these latter persons sold other parts of said property, which they had ostensibly purchased to various other persons, viz.: Chris. Kopp, ?m. Hollander, Joseph Gleubreeh, Max Voge, Aristide Norres, Dueré Norres, Deleíte Destrouet, Ambroise Destrouet, Frank Morgan, Bazille Latiolais, Aristide Deleambre, Leo Dionne, Besta Lipsky, wife of Max Yoge, as shown by several deeds, all of whom are alleged to be in possession. The petition charges that the sale made to Hebert by Cade, Sheriff, was null and void, because the writ did not give the names of the defendants-nor third possessors, and was not directed against said third possessors; that the notices to defendants and the third possessors were never issued nor served, nor proper delays given preceding the seizure and sale under said judgment; that there was no legal advertisement of said property and -that the advertisement did not- mention that the proper notices had been given to the.third possessors of said property and that it-was to be sold under, a vendor’s lien and privilege, and further, that no legal certificate of mortgage was read at said sale by which purchasers might know -under what judgment said lands were sold. ■ . ■ . ....
-The .petition further - charges that Hebert’s bid on said property was fictitious, that he never complied with the.same :by paying the ostensible purchase- price of $20-,000 cash to..the sheriff or.to the plaintiff in the-writ, and that if .any check or draft was given therefor by said Hebert it was merely-for-a sham, and did not-result in payment, but was. the result of -a collusion between-said Hebert and *1390 Teburce Norres, administrator of the estate of John Hayes, by which the former was illegally and unfairly vested with title to said land, therefore the sham bid and sham payment carried with them no legal result, and could not form the basis of a legal title to Hebert. Further charging that Hebert’s title derived at said sheriff’s sale, for said reasons, is an absolute nullity, he avers that the subsequent transfers of parts of said land to the other defendants are likewise null and of no effect as to him, and further charges that said illegalities and wrongs committed were not known to him until the institution of the present suit. He demands that said sheriff’s sale be declared null and void; that his ownership to said property be recognized against all the defendants in possession, and that a writ of possession issue, and that'he be put in possession thereof.
Zénon Decuir, one of the defendants, excepted to plaintiff’s suit and demand on the grounds, viz.:
1. Because there was a misjoinder of parties as to him, inasmuch as plaintiff’s petition did not disclose any privity of contract between him and the other defendants.
2. Because the .plaintiff did not allege a tender to defendants, which allegation is a condition precedent to the annulment of a sale or commutative contract.
3. Because plaintiff is estopped by his words, actions and deeds, in that he has made both judicial and extra-judicial admissions and declarations, which prevent him from denying defendant’s title, and by which' he is bound.
4. Because the question of ownership of the property in contest has been passed upon by this court, and is res adjudicata. '
5 and 6. Because the petition discloses no cause or right of action.
F. Jules Hebert, the main defendant herein, answered by general denial, with admission that he had purchased at said sheriff’s sale the property in contest for twenty thousand dollars cash, with special averment that all- the proceedings leading up to said sale were valid, but that he was in no way connected therewith. He specially averred and set up that plaintiff was the third possessor of the land sold by him (Hebert), and that preceding the sheriff’s sale, as such third possessor, he waived notice of seizure due to him as such, as also the thirty days’ demand of payment on the debtors and the ten days’ demand of payment on him as'third possessor of the Mortgaged property; that he appeared at the court house on the day appointed *1391 and fixed for the sale of said property, appointed an appraiser to act for him in his behalf in the appraisement of the said property; that he was a bidder at the sale thereof, and that after the sale and adjudication of the said property to him (Hebert), plaintiff, who was in possession of part of said property, vacated it, and delivered up possession thereof to him (Hebert), and because of these acts and conduct of plaintiff he (Hebert) was induced to believe that there was no objection to the sale of said property, that the title thereto was valid, and he was therefore induced to purchase and pay for same; because of all these acts, conduct and declarations of plaintiff he is estopped from denying the legality of his (Hebert’s) title thereto. As further defences, this defendant avers that plaintiff’s petition discloses no cause of action, and that he has no right of action based upon the averments of said petition.
All the other defendants, including'the administrator of the estate of John Hayes, deceased, and C. T. Cade, sheriff, answered, setting up substantially the averments contained in the answer of the defendant, Hebert, and specially invoking the plea of estoppel and the exceptions of no cause of action and of no right of action, and whilst other averments peculiar to them and their rights were made, it is, in our opinion, unnecessary to mention them here.
The lower court maintained the plea of estoppel interposed by the defendant Decuir by way of exception, and, after trial on the merits of the case, judgment was rendered in favor of all the other defendants, maintaining the plea of estoppel and the exceptions of no cause of action and of no right of action, from which judgments plaintiff appeals.
The view which this court takes of the pleas of estoppel, as also of the exception of no right of action pleaded by the several defendants, precludes the necessity of passing upon other defences raised by them or of deciding issues raised by plaintiff not involved in these special defences.
ESTOPPEL,
■The record discloses the following uncontradicted facts: Teburce Horres, present administrator of the estate of John Hayes, deceased, caused ají. fa. to issue in suit Ho. 349 of the civil docket of Iberia parish, entitled “David- Hayes; Administrator, vs. Wm.-Hayes ei ais.,” directing the sheriff of Iberia to seize and- sell the property in con *1392 test herein, which, according to the terms of the judgment, was subject to vendor’s lien and special mortgage in favor of the estate of said John Hayes.
Before the writ of 'fi. /d.-issued against the judgment debtors, the hypothecary action was resoi'ted to against plaintiff - herein and one A. L. Hayes, who were the third possessors of said property, and in answer thereto said plaintiff herein and said Hayes declared that they had no objection to the execution of the judgment in satisfaction of the debt, and moreover signed written waivers of their rights as third possessors of the thirty days’demand of payment on the debtors and the ten days’ demand on them as third possessors, and when the fi. fa. issued plaintiff herein waived notice of seizure as such third possessor. • The record also shows due advertisement of the seized property and the appointment of an appraiser by plaintiff, who acted in his behalf in the appraisement of the property, and further shows that he was present at the sale, bidding on the property, and, after sale and adjudication thereof to defendant Hebert.vacated the portion of the land in which he was in possession as third possessor, delivering possession thereof to the adjudicatee, Hebert. In view of the foregoing facts plaintiff can not attack the validity of the proceedings leading up to said sale, nor the title of Hebert resulting from the adjudication of said property to . him, because by his acts and conduct, manifested in every preliminary leading up thereto in which he took an active part, he induced all others to. believe that there was and could be no objection to the proposed sale. In the 5th R. 523, this court held that “ there are cases in which a man may innocently be silent; but in other cases a man is bound to speak out, and his very silence becomes as expressive as if he had openly consented to what was said or done and had become a party to the transaction. Thus, if a man having a title to an estate, which is offered for sale, and knowing his title, stands by and encourages the sale or does not forbid it, and thereby another person is induced to purchase the estate under the supposition that the title is good, the former, so standing by and beiag silent, will be bound by che sale, and neither he nor his privies will be at liberty to dispute the- validity of the purchase.”' In the 12th An. 838, Mullen vs.' Follain,' the informalities urged were:
1. Want of noticó of seizure' and'notice to appoint appraisers/
2. Want of sufficient description of the property seized and sold.'
*1393 3, That the seizure was excessive.
These informalities were deemed sufficient by the District Court to annul the sale, but on appeal to this court it was held erroneous, “ because all the alleged defects, so far, at least, as they were proven, were cured by the conduct of plaintiff himself. He appeared at the sale, made no opposition thereto, bid himself on the property, thereby encouraging others to bid, and gave up possession of the whole premises as sold by the sheriff to the purchaser, Eollain. If under such circumstances he could attack the sale, there would be little security for bidders who might be misled by the act of parties whose property is exposed to public sale.” 36 An. 774. The plea of estoppel herein filed against plaintiff was well taken, and the judgment of the lower court maintaining it, is correct.
The ruling of the lower court excluding evidence as to whether the purchaser at said sale paid the purchase price or not, is correct. It does not appear that plaintiff has any right to question that fact; he is not an heir of John Hayes, and is without interest in the proceeds of said sale. Besides which, the return of the sheriff on the execution, and the sheriff’s deed, recite that the purchaser did pay the purchase price in cash to the administrator of the estate of John Hayes, which fact is admitted by the latter in his answer herein, and is not denied by any person in interest; therefore, as a third possessor of property seized and sold to satisfy a previous mortgage, and having no actual interest in the distribution of the proceeds of the sale, plaintiff has no right to question whether the adjudieatee, Hebert, paid the sheriff the purchase price of said property, or how he complied with the terms of sale. C. P. 15; 36 An. 774.
Eor these reasons we are of the opinion that the judgment of the District Court, maintaining the pleas of estoppel and the exceptions of no cause of action and of no right of action, filed by all said defendants, is correct and supported by authority, and is therefore affirmed.
Ttehearing refused.
W. O. Perrault, District Judge, was called in to try this case.
McEnery, J., absent this term.
Breaux, J., recused.