(83 South. 832)

No. 21990.

GREENWOOD PLANTING & MFG. CO.,
Limited, v. WHITNEY CENTRAL
TRUST & SAVINGS BANK.

(Feb. 2, 1920.)

*(Syllabus by the Court.)*

1. JUDGMENT ⬦644—EXCEPTION OF RES JUDICATA ESTOPS WHEN SAME QUESTION RECURS BETWEEN SAME PARTIES, REGARDLESS OF FORM IN WHICH QUESTION IS PRESENTED.

It matters not under what form—whether by petition, exception, rule, or intervention—the question is presented, whenever the same question recurs between the same parties, even under a different form of procedure, the exception of res judicata estops.

2. MORTGAGES ⬦528—MORTGAGOR, NOT OBJECTING THAT PROPERTY SHOULD HAVE BEEN ADVERTISED ONLY FOR CASH SUFFICIENT TO SATISFY CLAIM, CANNOT RAISE SUCH OBJECTION IN ACTION TO ANNUL SALE.

Where an act of mortgage, importing confession of judgment, provides that, in the event of the nonpayment of the notes thereby secured, or the interest thereon, when due, the property shall be sold for cash, and the sale is so advertised, and made in the presence of the seized debtor and his attorneys, who do not object that it should have been advertised to be made only for cash sufficient to satisfy the claim of the seizing creditor, such objections cannot thereafter be entertained in an action to annul the sale.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. E. Howell, Judge.

Action by the Greenwood Planting & Manufacturing Company, Limited, against the Whitney Central Trust & Savings Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, post, p. 572, 83 South. 834.

Harris Gagne, of Houma, and Hugh S. Suthon, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

## Statement of the Case.

MONROE, C. J. On February 18, 1915, defendant, as holder of a first mortgage, importing confession of judgment, sued out executory process, in a proceeding numbered 7641 of the docket of the district court, under which the sheriff seized the mortgaged property (Greenwood and Oak Grove plantations, in the parish of Terrebonne) and advertised it to be sold on April 10, 1915. Two days prior to that fixed for the sale defendant in seizure (plaintiff here), upon a petition filed in the same proceeding, obtained an injunction prohibiting the sheriff and the plaintiff from selling or offering to sell the seized property, "in the above entitled and numbered proceeding"—the grounds alleged for the injunction being (1) that there was no warrant for the order of seizure, as to certain taxes, included therein; (2) that certain other taxes had been paid by defendant in seizure to plaintiff; (3) that still other taxes were assessed against other property; (4) that the order of seizure had issued without the production of authentic evidence required by law; (5) that the petition failed to show what evidence was filed therewith; and (6) that the order recognized a privilege beyond the terms of the mortgage. On April 14, plaintiff in seizure ordered the sheriff to release the same, return the writ unsatisfied, and notify defendant in seizure of his action; and, upon the same day, it presented to the court a supplemental petition, in the same proceeding, correcting the errors of which plaintiff complained, and thereupon obtained another writ, under which the property was again seized, and advertised to be sold on June 12. On May 12, following the issuance of the second writ, it ruled plaintiff in injunction to show cause why the injunction should not be dissolved—alleging the elimination of the causes relied on for its issuance, to which rule, after hearing, on May 28, plaintiff urged the objection that the

injunction was in full force and effect, and equally applicable to the second seizure as to the first; that the second writ had been issued in contravention thereof, and for that reason, and for such others as counsel thought proper to suggest, was void. Whereupon the court took the matter under consideration, upon the facts proved or admitted, including the entire record, and after hearing the argument of counsel, on June 10, 1915, handed down the following judgment, to wit:

"It is therefore ordered * * * that the writ of injunction * * * be decreed to have been primarily properly sued out, but, in view of the fact that the property seized * * * has been released, * * * it is decreed to be no longer in force or effect. All costs, under such writ of seizure and sale, are taxed against plaintiff in execution. It is further ordered and decreed that all rights of plaintiff, under its supplemental petition, and the writ of seizure and sale sued out thereunder, be and the same are hereby expressly reserved, and in no way affected by this decree. Rendered and signed by consent of counsel for plaintiff and defendant, in open court, at Thibodaux, parish of Lafourche, this 10th of June, 1915.
"[Signed]  W. E. Howell, Judge."

Upon the rendition of the judgment thus quoted, defendant in rule was granted an appeal therefrom, suspensive and devolutive; but upon the same day it applied for an injunction against the second order of seizure and sale, and, upon its being refused, applied to this court for a mandamus directing the trial judge to grant such an injunction, which application was also refused. The appeal, which had been allowed as above stated, was thereafter abandoned, and another appeal, allowed on April 6, 1916, from the order of seizure and sale of April 14, 1915, is this day dismissed by judgment of this court, because of the failure of the appellant to file the transcript within the delay allowed by law.

The suit now under consideration was instituted on July 8, 1915, and the demand herein made is that the order of seizure, and the sale (of June 12, 1915) made thereunder, be annulled, and that the title to the property in question be decreed to be still vested in plaintiff. The trial judge sustained the exception of no cause of action, and did not pass upon the other exceptions (of res judicata and estoppel), which defendant and appellee has therefore renewed in this court.

### Opinion.

[1] The ground upon which plaintiff seems mainly to rely is that the injunction prohibited plaintiff in seizure and the sheriff from selling or offering to sell the property in question "in the above entitled and numbered proceedings" (referring to the proceeding 7641 of the district court), and that, as the steps leading to the issuance of the second writ of seizure and sale and second seizure, were taken in that proceeding, the order was in conflict with the injunction, unauthorized, and void, and the injunction continued to apply, as it originally applied, to any and all writs of sale that might be issued therein. The answer to that contention is that it was set up by way of defense to the rule to dissolve the injunction, and distinctly overruled by a judgment from which plaintiff (as defendant in rule) was allowed an appeal, which it failed to prosecute, as it also failed to prosecute its appeal from the second order of seizure and sale, which is this day dismissed, from which it follows that the question presented by the contention was allowed to acquire the status of the thing adjudged and cannot be made the subject of further inquiry. C. P. arts. 539, 540; Lassus v. Clarke, 134 La. 865, 64 South. 801; Hargrave v. Mouton, 109 La. 533, 33 South. 590; Police Jury v. Police Jury, 49 La. Ann. 1331, 22 South. 376; Hewett v. Williams, 48 La. Ann. 707, 19 South. 604; Citizens' Bank v. Heirs of Gay, 47 La. Ann. 562, 17 South. 148; McNeely v. Hyde, 46 La. Ann. 1083, 15 South. 167; Brady v. Parish, 26 La. Ann. 320; Sewell v. Scott, 35 La. Ann. 554; Consol. Ass'n v.

Mason, 23 La. Ann. 619; Trescott v. Lewis, 12 La. Ann. 197; Bank v. Walden, 1 La. Ann. 47; Plicque v. Perret, 19 La. 318. As was said in Sewell v. Scott (and several of the other cited cases):

"It matters not under what form, whether by petition, exception, rule, or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form of procedure, the exception of res judicata estops."

[2] Another objection set up in the petition is that the sheriff advertised the property to be sold for cash; whereas, it is alleged it should have been advertised to be sold for only an amount sufficient to satisfy the claim of the seizing creditor. The act of mortgage, however, declares that, in the event of the nonpayment of the mortgage notes sued on, or the interest thereon, when due,

"the mortgagee, or any future holder or holders of the said notes, shall have the right to cause all and singular the hereinabove described property to be seized and sold under executory process, or ordinary proceedings, * * * without appraisement, to the highest bidder, for cash."

The sale was therefore advertised to be made in strict conformity to the terms of a contract, into which the parties were competent to enter, and there is uncontradicted evidence in the record (taken on the question of estoppel) from which it appears that plaintiff was fully represented at the sale, that no objection was interposed upon the ground that it was to be made for cash, and which fails to suggest the idea that it would have brought an amount sufficient to satisfy the claim of the seizing creditor, even though it had been advertised to be made only for such amount.

In regard to a somewhat similar objection, urged in Keenan v. Widow and Heirs of Ahern, 34 La. Ann. 887, it was said by this court (after holding that the objection was not well founded):

"In any event, the act of the widow, through her attorney, in taking part in the appraise-ment of the property, with full knowledge of the proposed mode of sale, * * * and the presence of her attorney at law and in fact at the sale, preclude her present complaint. Nicholls v. Mercier, 15 La. Ann. 374; Mullen v. Follain, 12 La. Ann. 838."

Arriving at the same conclusion as the trial judge, but by a different process, we are of opinion that the judgment appealed from is correct, and it is accordingly affirmed.