DAWKINS, J.
Plaintiffs brought this suit under Act No. 38 of 1908 to try the title to the following described lands, to wit: S. % of S. W. % of section 25, and S. W. % of S. E. >4 of section 32, township 17 south, range 18 east.
They allege ownership, through mesne conveyances, by entries from the state under certificates No. 1285, O. S., dated December 26, 1853, and No, 107, dated January 23, 1854, subsequently covered by patents Nos. 10248 and 10250, dated December 8, 1913, in the name of Thomas H. Young.
Defendants deny plaintiffs’ title and plead their own, as originating under a grant from the state to the Atchafalaya Basin levee board made by the Act No. 97 of 1890. Several other issues were raised, but most of these appear to have been abandoned, save the pleas of prescription, which we shall consider hereafter.
Por clear understanding Of the discussion to follow, we have drawn rough sketches of the two sections, and indicated by check marks thereon the lands claimed by plaintiffs, as well as those covered by the entries from the tract books upon which plaintiffs rely, as follows:

The exemplification from the state land office of the abstract of entries by Thomas IT. Young from the state, sent up in the original, covers the following:

The copy of abstract of entries filed in the office of the recorder of conveyances of Ter-rebonne parish covers the identical property described in the petition, but, since the plaintiffs are relying upon the records of the state land office as showing a severance from the public domain to Young, the record in Ter-rebonne parish is of no benefit to them. So that in the beginning we may as well eliminate from discussion all of the property situated in section 25, as we are informed by defendants that they do not claim the S. E. % of S. W. 14 of that section, and the records at Baton Rouge show that the S. W. % of S. W. % of section 25 did not pass to *655 Young under either the entry of 1803 or 1854.
Plaintiffs were decreed the owners of the first-mentioned 40 acres by the lower court, and, under the showing made by the record as just illustrated, defendants are entitled to recover the S. W. % of S. W. % of section 25.
The Title to S. W. % of S. E. % of Section 32.
[1, 2] As above indicated, the abstract of entries in the office of the register of the state land office, which under the law is an official record (Act No. 75, 1880, p. 86, § 3), showed that Thomas H. Young had entered this 40 acres of land on January 26, 1854, and for which certificate No. 107, N. S., had been issued to him. However, it is contended by the defendants that this fact could only be shown by the introduction in evidence of the certificate itself, unless the plaintiffs first showed its loss or destruction, which they did not do, and only in that event would the records of the land office, or copies thereof, become admissible in evidence. This position is evidently taken upon the theory that the offering of the exemplification from the land office was for the purpose of showing that title had vested in Young as of that date; but such is not the case. The entry and receipt or certificate issued in virtue thereof do not vest in the entryman the legal title to the land, but are merely evidence of the fact that at the proper time, and on complying with all the requisites of the law, he will be entitled to a patent from the state conveying the title to the property. This receipt may or may not be recorded, as the entryman chooses, but the record which the register is required to keep is the thing to which one dealing with the property is required to look to ascertain whether or not it is still susceptible of purchase or entry- The purpose of the record is to afford notice to all those dealing with the state that property entered thereon has been removed from the class which can be disposed of by it until such time as the entry is canceled or confirmed by patent. The certified copy or exemplification from the land office was admissible in evidence, not for the purpose of establishing title in Young, or his subsequent vendees, but to show that the defendants and their vendors had notice of the fact that the property was not among that which the state owned,» in the sense that it was susceptible of transfer at the time Act 97 of 1890, granting to the levee board lands “which it now owns or may hereafter acquire” within said district, was passed. Le Bleu v. North American Land Co., 46 La. Ann. 1465, 16 South. 501; Board of School Directors v. Hernandez, 31 La. Ann. 158; Franklin v. Woodland, 14 La. Ann. 188. Hence, when the register and auditor attempted to certify the S. W. % of S. E. % of section 32 to the levee board on April 26, 1901, in the belief that they had the right to do so under the said Act No. 97 of 1890, they were endeavoring to convey property which both they and the levee board were bound to know from the abstract of entries in the land office could not be so transferred. Consequently that act was without effect as to this property and vested no title in the board, under which the present defendants claim. On the other hand, when the patent was issued on December 8, 1913, in the name of Young, under whom plaintiffs claim, it had the effect of passing to them the legal title to the property, and of perfecting the inchoate rights which they had acquired by virtue of his entry in 1854, and of which defendants and their vendors had notice as aforesaid. It was this patent which made proof of plaintiffs’ title, in so far as the severance from the state was concerned, and not the exemplification from the abstract of entries.
[3] It is contended by defendants that, since none of the various deeds under which *657 plaintiffs claim (except a few antedating those of defendants) were ever placed of record in the parish of Lafourche, where the property is situated, they can have no effect as against defendants, and the titles of the latter must therefore be held superior. This condition was brought about by the fact that the land in question was generally thought to be in the parish of Terrebonne for many years, and all transfers affecting the same were recorded in that parish, until by the final judgment of this court the property was found to be in the parish of Lafourche. Parish of Lafourche v. Parish of Terrebonne, 34 La. Ann. 1230, and Id., 48 La. Ann. 1299, 20 South. 708, and Id., 49 La. Ann. 1331, 22 South. 376. However, this could only avail defendants in event they were able to support their claims with some valid plea of prescription; for there was no necessity under the law for recording the certificate of entry or the patent in the local conveyance offices. Even granting that the defendants and their vendors were not charged with actual notice of the fact that the levee board had acquired no title from the state, the property consists of wild lands, which have not been in the corporal possession of any one, and hence there is nothing to sustain the plea of prescription of ten years.
Plaintiffs’ title, being the oldest and based upon a valid severance from the public domain. must prevail. The question of registry does not enter into the matter, since plaintiff has a valid title, and defendant has not. If Young were still living, he would, as between himself and defendants, only need' to introduce the extract from the abstract of entries and his patent to prove his title. The subsequent links from him to the plaintiffs merely had the effect of completing their chain of title. It could only be in a case where some one was claiming under a title emanating from him that the recordation of the deeds would become Important
We cannot tell from the copy of the judgment found in the record whether the lower court has correctly described the lands held to belong to the respective parties or not, and hence we shall redescribe them in our decree.
For the reasons assigned, it is therefore ordered, adjudged, and decreed that the plaintiffs be, and they are hereby, decreed to be the owners of the southeast quarter of the southwest quarter (S. E. 14 of S. W. 14) of section 25 and the southwest quarter of the southeast quarter (S. W. 14 of S. E. 14) of section 32, all in township 17 south, range 18 east, and that the defendants be, and are hereby, decreed the owners of the southwest quarter of the southwest quarter (S. W. 14 of S. W. 14) of section 25, same township and range, and in all other respects the judgment appealed from is affirmed, the costs of this appeal to be divided equally between plaintiffs and defendants, and the costs of the lower court to be paid by defendants.