ROGERS, Justice.
 

 This is a petitory action involving 2Ó0 acres of land in Lincoln parish. The plaintiffs are Fisher Harris and his children, issue of his marriage with his deceased wife, Rose Phillips Harris. The defendants are the Federal Land Bank of New Orleans, the First National Bank in Arcadia, and Myrtle Ray Cannon. There was judgment for defendants, sustaining their pleas of estoppel and dismissing plaintiffs’ suit. From that judgment plaintiffs have appealed. Defendants have answered the appeal praying that judgment be rendered in their favor on the merits. In the alternative, defendants ask that the judgment sustaining their pleas of estoppel be affirmed.
 

 Briefly stated, the facts as disclosed by the record are as follows, viz.: Fisher Harris acquired the property in dispute in 1908 during his marriage to Rose Phillips Harris. On January 22, 1925, the property was mortgaged to the Federal Land Bank of New Orleans, both Harris and his wife signing the act of mortgage. Rose Phillips Harris died intestate on January 16, 1926, leaving Fisher Harris as survivor in community and the other plaintiffs as her heirs. On June 13, 1935, the Federal Land Bank foreclosed its mortgage by executory process. All the proceedings were had contradictorily with Harris. The notice of demand for payment was served on him by domiciliary service, and the notice of seizure was served on him by personal service. The sheriff did not place any keeper on the seized property, but permitted Harris to remain thereon during the pendency of the proceedings. The property was sold on July 31, 1935, and the First National Bank in Arcadia became the adjudicatee. Subsequently, Myrtle Ray Cannon acquired from the adjudicatee a mineral lease covering the entire tract of 200 acres.
 

 Plaintiffs attack the sheriff’s sale as a nullity on various grounds, but the only ground of attack they argue before this court is that the sale is null because the sheriff never made any actual seizure of the property. Plaintiffs contend that the failure of the sheriff to appoint a keeper to the property vitiated the seizure.
 

 The record satisfies us that the sheriff went upon the property and served the notice of seizure personally on Fisher Harris, who was yet in possession. The record also satisfies us that the sheriff informed Harris that he could remain on the property until it was sold, and that Harris did so.
 

 The defendants contend that the sheriff did, as a matter of fact, take possession of the property, because he permitted Harris
 
 *287
 
 to remain thereon, and, therefore, the possession of Harris was the possession of the sheriff.
 

 Defendants further contend that it is not necessary in proceedings by executory process for the sheriff to take physical possession and control of the property seized.
 

 Defendants concede that the cases relied on by plaintiffs hold that to effect a valid seizure the sheriff must take actual possession of the property by appointing a keeper. But defendants point out that those cases were decided many years ago and contend that the rule announced therein has been abrogated by the provisions of Act No. 113 of 1906 and the decisions in Citizens’ Bank v. Webre, 44 La.Ann. 334, 10 So. 728 and Maisonneuve v. Martin, 155 La. 938, 99 So. 704. In the latter case it was held, as shown by the syllabus (No. 3), that: “In foreclosure proceedings it was a sufficient seizure for the sheriff to go on the land with a mortgagor who was yet in possession and who pointed out and identified the land as being that described in the writ.”
 

 There appears to be considerable-force in defendants’ contentions, but, inasmuch as we find, as did the district judge, that their pleas of estoppel are well-founded, it is wholly unnecessary for the purposes of this case to determine the issues raised by them.
 

 The record discloses that Fisher Harris attended the sheriff’s sale and immediately thereafter called at the office of the attornev for the adiudicatee, First National Bank in Arcadia, where he signed an. order to the sheriff directing him to make certain dispositions of the proceeds of sale and further agreed to remain on the property for the balance of the year in the capacity of keeper or manager for the adjudicatee. Under these circumstances, we think that plaintiffs are estopped to contest the validity of the sheriff’s sale.
 

 The mortgage was given on community property to secure a community debt. As the survivor and representative of the community, Fisher Harris was properly impleaded as the party defendant in the suit to foreclose the mortgage. Simpson v. Bulkley, 140 La. 589, 590, 73 So. 691, L.R.A.1917C, 494; Beck v. Natalie Oil Co., 143 La. 153, 154, 78 So. 430; Act No. 57 of 1926; Landry v. Grace, 167 La. 1042, 120 So. 770.
 

 The community existing between Fisher Harris and his deceased wife was apparently insolvent. Although the property brought a fair price at the sheriff’s sale, the amount realized therefrom was insufficient to discharge the mortgage indebtedness, consisting not only of the mortgage held by the Federal Land Bank, but also of other liens and mortgages bearing upon the property, much of which indebtedness remained unsatisfied.
 

 Although the matrimonial community was dissolved by the death of the wife, Harris, as surviving husband, continued to represent it for the purpose, of liquidation quoad the creditors. Luria v. Cote Blanche Co., 114 La. 385, 386, 38 So. 279. As the representative of the matrimonial community Harris attended "l-e sheriff’s sale, offered no opposition thereto, and volun
 
 *289
 
 tarily surrendered the property to the adjudicatee. Moreover, he directed the sheriff as to the manner of distributing the proceeds of the sale among the community creditors. If under such circumstances plaintiffs could attack the sale, there would be little security for bidders who might be misled by the acts of parties whose property is exposed to public sale. Mullen v. Follain, 12 La.Ann. 838; Lane v. Cameron, 36 La.Ann. 773; Derouen v. Hebert, 46 La.Ann. 1388, 1393, 16 So. 160.
 

 Plaintiffs do not contend that they were in any way prejudiced by the sheriff’s sale as matters existed at the time it was made. It was only some months thereafter when a producing gas well was discovered in the vicinity of the property that plaintiffs began to complain of irregularities in the foreclosure proceeding.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.