282 So.2d 858 (1973)
Wallace A. EDWARDS
v.
Marion Larose EDWARDS.
No. 9475.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
Rehearing Denied September 26, 1973.
Writ Refused November 21, 1973.
*859 Gibson Tucker, Jr., New Orleans, for appellant.
Julian J. Rodrigue, Covington, for Judge Edwards.
John J. Broders, New Orleans, for Henry Z. Carter, adjudicatee.
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Defendant, Marion Larose Edwards (Appellant), appeals from a judgment rejecting her action to set aside a Sheriff's Sale of real property, and declare null the judgment on which the sale was predicated, on the ground the judgment was improperly amended after having become final. The amendment complained of changed the place of the sale from the situs of the property to the Parish Courthouse, St. Tammany Parish. We affirm upon finding Appellant is estopped to challenge the validity of the sale because of her having participated therein.
The facts giving rise to this present litigation are undisputed. In a prior action between the parties at bar, judgment was rendered by the trial court decreeing a partition by licitation of certain immovable and movable property belonging to the community which existed between litigants as husband and wife. The judgment ordered the sale be held at "Summerhill Farm, Million Dollar Road, Post Office Address Route 2, Box 39, Covington, Louisiana", the former matrimonial domicile of the parties litigant. Said judgment was affirmed on appeal to this court. An application to the Supreme Court for writs of review was denied. The judgment having become final, the property was advertised for sale, in accordance with the aforementioned judgment, on February 21, 1973, at Summerhill Farm, at 10:00 A.M., but the sale was not held as advertised. Instead, on February 13, 1973, on ex parte motion of Appellee, Wallace A. Edwards, the judgment of this court was made the judgment of the trial court thus making it immediately executory in compliance with LSA-C.C.P. art. 2251. Simultaneously, Appellee, Edwards, ex parte moved for and was granted judgment amending the trial court's judgment by changing the place of the sale from Summerhill Farm to the Courthouse of St. Tammany Parish, Covington, Louisiana. The amendment was obviously intended to comply with LSA-R.S. 13:4341, which requires that public sales of immovable property be held at the courthouse of the parish in which the property is situated. Pursuant to the amended judgment, the property was readvertised for sale on March 21, 1973, at the Courthouse, Covington, Louisiana.
*860 Although Appellant attended the March 21, 1973 sale, accompanied by her attorney, no protest against the conduct of the sale was made or entered on Appellant's behalf. On the contrary, Appellant participated in the sale by bidding on numerous movables and actually purchasing some of the movables offered for public auction. A portion of the immovables was purchased by Appellee, Wallace A Edwards. The bulk of the immovables, consisting of the family home, was purchased by Appellee, Henry Z. Carter. Immediately following the public sale, on the same day thereof, Appellant instituted this action seeking the nullity of the sales to Appellees, and a temporary restraining order and preliminary injunction prohibiting the Sheriff of St. Tammany Parish from completing these transactions. It is noteworthy that Appellant does not seek dissolution of the sale of the movables she acquired at the sale in question. Appellant, however, did not present her application for a temporary restraining order and preliminary injunction to the court below until March 26, 1973. Meanwhile, on March 22, 1973, the Sheriff completed his proces verbal of the sales in question and duly recorded said transfers in the conveyance records of St. Tammany Parish as required by law. Appellant's application for a preliminary injunction was set for trial on April 10, 1973. The matter was duly heard on the appointed date following which judgment was rendered rejecting Appellant's demands and claims in toto and declaring the attacked sales valid.
The sole issue posed by this appeal is whether the amendment of the judgment by the trial court changing the place of the sale from Summerhill Farm to the Courthouse, St. Tammany Parish rendered said judgment null and void and vitiated the Sheriff's Sales predicated thereon.
Appellant contends the trial court lacked authority to amend the judgment in question because: (1) Once the judgment in question was affirmed by this court and became final, all pronouncements therein became the "law of the case, and could not thereafter be changed by any action of the district court, and alternatively, (2) the situs of the sale, as designated in the judgment, is a matter of substance which cannot be accomplished on ex parte proceedings as provided in LSA-C.C.P. art. 1951.
Irrespective of the merits of Appellant's contentions, we find Appellant's actions have estopped her from questioning the validity of either the judgment or Sheriff's Sales involved herein.
Ordinarily, the plea of estoppel is an affirmative defense which must be specially plead by way of answer. LSA-C.C. P. arts. 1003 and 1005. The rule is intended to give fair notice of the nature of a defense, thus preventing surprise. In this instance we note the lack of an answer on the part of defendants in rule. Instead of answering Appellant's show cause order, respondents orally dictated a general denial into the record at the commencement of the hearing below. It further appears, however, that without objection by Appellant, respondents did inject the issue of estoppel into the proceedings by offering evidence to establish Appellant's participation in the sale. In fact, Appellant freely concedes her participation therein without objection or protest and also her acquisition of certain movable items as high bidder thereon.
Notwithstanding LSA-C.C.P. arts. 1003 and 1005, pleadings may be enlarged to include an affirmative defense not specifically plead where evidence supporting such a defense is introduced without objection. Bates v. Stewart, La.App., 262 So.2d 591; Pace v. Rizzuto, La.App., 182 So.2d 809. Such a result is expressly provided for by LSA-C.C.P. at 1154, which states that issues not expressly raised in the pleadings will be considered as having been plead where they are tried with the consent of the parties, express or implied. Under the circumstances, Appellees' plea of estoppel is properly before us.
*861 Insofar as Appellant's action constitutes an attack on the judgment in question, her action is obviously concerned with an alleged lack of jurisdiction on the part of the trial court. LSA-C.C.P. art. 2002 provides that a judgment may be annulled, inter alia, if rendered by a court lacking jurisdiction. However, LSA-C.C.P. art. 2003 declares that a judgment may not be annulled for any of the grounds recited in Article 2002, above, where the judgment debtor acquiesces therein or is present in the parish at the time of execution and makes no attempt to enjoin its enforcement. Under the circumstances, Appellant is barred from asserting the nullity of the judgment in question.
Equally applicable herein is the well established rule that a party who is present at a judicial sale and is aware of defects in the proceedings, but sits idly by without making any protest or objection, is barred and estopped from subsequently attacking the validity of the sale on the basis of the known defects. The reason for the rule is the protection of the integrity of judicial sales. Harris v. First Nat. Bank in Arcadia, 185 La. 284, 169 So. 341; Greenwood Planting & Mfg. Co. v. Whitney C. T. & S. Bank, 146 La. 567, 83 So. 832; Vinton Oil & Sulphur Co. v. Gray, 135 La. 1049, 66 So. 357; Hibernia Nat. Bank v. Sarah Planting & Refining Co., 107 La. 650, 31 So. 1031; Parson v. Henry, 43 La.Ann. 307, 8 So. 918; Mullen v. Follain, 12 La.Ann. 838.
In this instance, the record establishes beyond doubt that not only was Appellant present at the sale and aware of the alleged defect in question, she actually participated in the public auction by purchasing some of the articles offered for sale. Under the circumstances, Appellant is estopped to question the validity of the public sale.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.