458 So.2d 158 (1984)
Don ALMERICO
v.
Janet KATSANIS, Diane E. Lambert, and Dorothy Lambert Winingham.
No. 84-CA-39.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1984.
*159 Don Almerico, Destrehan, for appellee.
James H. Minge, New Orleans, for appellants.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
This is a matter regarding attorney fees. Two issues are presented:
(1) Whether the trial court erred in awarding $2500 in attorney fees in connection with a succession matter.
(2) Whether the trial court erred in awarding an additional $600 in attorney fees in accordance with R.S. 9:2781 (open accounts).
Appellants are Janet Katsanis, Diane E. Lambert, and Dorothy Lambert Winingham. Janet Katsanis and Diane Lambert are the children of Dorothy Lambert Winingham and the deceased, Joseph Oliver Lambert. They retained Don Almerico, appellee-plaintiff, in 1976 to handle the succession of Joseph Oliver Lambert. On April 1, 1977, Almerico sent his bill for $2500 to the heirs. On February 21, 1978, Almerico sent a letter (by certified mail) demanding payment of his fee. By letter dated February 25, 1978, Ms. Katsanis objected to the amount of the bill and requested Almerico amend the succession pleadings to reflect the elimination of the mother's usufruct. Thereafter, Almerico sent another letter dated March 14, 1978 advising if the fee was not forwarded by March 17, 1978 he would file suit. On June 6, 1978, he filed a "petition in suit on open account" against Janet Katsanis, Diane E. Lambert, and Dorothy Lambert Winingham. After trial on the merits, the trial court, on October 24, 1983, gave judgment against Janet Katsanis, Diane E. Lambert, and Dorothy Lambert Winingham, in solido, in the amount of $2500 together with legal interest from date of demand. It also awarded $600 in attorney fees together with legal interest from the date of judgment. Thereafter, it rendered a second "final" judgment on January 11, 1984. From these judgments, appellants appeal. We amend in part, annul in part, and set aside in part.
Criterion for evaluating the first issue is provided in Watson v. Cook, 427 So.2d 1312, 1316 (La.App.2d Cir.1983) as follows:
Any dispute relative to an attorney-client relationship, ... is subject to the close scrutiny of the courts and is to be resolved under the provisions of the Code of Professional Responsibility.
Leenert's Farms v. Rogers, 421 So.2d 216 (La.1982); Watson v. Cook, supra.
We resolve this dispute, therefore, by reference to Disciplinary Rule 2-106(B) of the Code of Professional Responsibility, which provides in part:
Factors to be considered as guidelines in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitation imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.

*160 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
The record reflects the appellee placed the parties into possession; however, the judgment of possession awarded Ms. Dorothy Lambert Winingham the usufruct over Mr. Lambert's share of the community property even though her remarriage served to extinguish her right to the usufruct under our Civil Code article 916. Since appellee represented all three parties in this succession, he should have been aware of this important fact; therefore, he did not "complete" the succession. Additionally, there is testimony that the appellee expended approximately 14 hours in these succession proceedings. From the record facts, guidelines (1) and (4) of DR2-106(B) are particularly relevant to the circumstances of this case. The attorney did not complete the case which did not present any unique or difficult legal questions to resolve; he expended 14 hours on the case. We, therefore, find the trial court's judgment of $2500 is excessive, and we amend the judgment of $2500 to $1000.
Additionally, we note the trial court executed a second judgment dated January 11, 1984 which reduced the prior judgment from $2500 to $1534. Our jurisprudence is quite clear a trial court cannot amend a final judgment's substance under our Code of Civil Procedure article 1951. Therefore, we annul this judgment.
In addressing the second issue of whether the trial court erred in awarding an additional $600 in attorney fees in accordance with La. R.S. 9:2781 (open accounts), we note La. R.S. 9:2781, at the time of the filing of the suit (June 6, 1978), read as follows:
When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney's fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor when they are living together as husband and wife on behalf of the debtor may be introduced as evidence of written demand on the debtor.
If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor, and if the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
Subsequent to the filing of this suit, this statute has been amended in 1981 and 1982 to apparently include single professional services; however, we find any such changes constitute "substantive" amendments which cannot be applied retroactively. See Commercial Credit Claims Service, Inc. v. Richardson, 454 So.2d 177 (La.App. 1st Cir.1984).
Therefore, even though the suit was styled a suit on an "open account," the trial court erred in awarding $600 in attorney fees in accordance with La. R.S. 9:2781 in effect in 1978.
For the reasons assigned, that judgment dated October 24, 1983 which awarded $2500 in attorney fees is amended to $1000 and that part of the judgment dated October 24, 1983 which awarded $600 in attorney fees is set aside. The judgment dated January 11, 1984 awarding $1534 in attorney fees is annulled.
*161 AMENDED IN PART, ANNULLED IN PART, AND SET ASIDE IN PART.