517 So.2d 436 (1987)
Peggy COOMES
v.
ALLSTATE INSURANCE COMPANY, et al.
No. CA871341.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*437 Robert Liptak, Denham Springs, for Peggy Coomes.
James Kuhn, Denham Springs, for Allstate Ins. Co.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The issue presented to us is whether the appeal should be dismissed as moot.
Peggy Coomes filed a petition for damages against Arbeautia Thompson and Allstate Insurance Company. Thereafter, Allstate filed a motion for summary judgment. On June 8, 1987, the trial court signed a judgment granting the motion for summary judgment and dismissing plaintiff's suit against Thompson and Allstate. On June 22, 1987, plaintiff filed a timely motion and order for appeal.
In September of 1987 Allstate filed, in the trial court, a "Motion and Order to Amend Judgment".[1] The trial court signed the order to amend, which states as follows:
ON MOTION of James E. Kuhn, Attorney for defendant, and on suggesting to the Court that Mover requests that the Judgment rendered on May 18, 1987, and signed on June 8, 1987, be amended to read as follows:
"This matter came for hearing on defendants' Motion for Summary Judgment.

* * * * * *
"IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Allstate Insurance Company and Arbeautia Thompson be denied at the cost of defendants."
"Considering the foregoing Motion;
"IT IS ORDERED BY THE COURT that the Judgment signed on June 8, 1987, in the above captioned matter and the same is hereby amended as outlined hereinabove."
Because of the above amendment, appellee-Allstate has filed a motion to dismiss appellant-Coomes' appeal. Allstate argues the appeal is moot because the judgment has been amended in Coomes favor.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980); State in Interest of Minor Female Child, 470 So.2d 595 (La. App. 1st Cir.1985).
A trial court cannot amend the substance of a final judgment. La.Code Civ.P. art. 1951. Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984); Naulty v. Oupac, Inc., 448 So.2d 1322 (La. App. 5th Cir.1984). The timely application for a motion for new trial is the proper method for the trial court to effect a substantive change in a judgment. Abney v. Allstate Ins. Co., 442 So.2d 590 (La.App. 1st Cir.1983). The judgment may also be amended by appropriate contradictory proceedings. Plantation Acceptance Corp. v. Stone, 379 So.2d 782 (La.App. 4th Cir. 1979), writ denied, 383 So.2d 24 (La.1980).
*438 In the instant case neither of these procedures was followed. Accordingly, the original judgment rendered on June 8, 1987, granting the motion for summary judgment and dismissing Coomes suit, is valid. Therefore, the appeal is not moot.
For the above reasons the motion to dismiss is denied.
MOTION DENIED.
NOTES
[1] Apparently, the trial court had intended to deny the motion for summary judgment. Nevertheless, a judgment had been prepared and signed granting the motion.