600 So.2d 160 (1992)
Marlene King LeBLANC, Plaintiff-Appellee,
v.
Jack Roland LeBLANC, Defendant-Appellant.
No. 90-12/94.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*161 Diane Sorola, Lafayette, for plaintiff/appellee.
Jack R. LeBlanc, in pro. per.
Before YELVERTON and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issues presented by this appeal are whether the trial judge erred in amending a judgment and whether the trial judge erred in not awarding defendant reimbursement for one-half of a bill for transcription of testimony for appeal and for the amount of a penalty for early withdrawal of funds.
On April 9, 1985, a judgment was signed settling the community property of Marlene King LeBlanc (hereinafter plaintiff) and Jack Roland LeBlanc (hereinafter defendant). On September 8, 1989, plaintiff filed a motion to correct a clerical error in judgment and to appoint a notary to distribute funds presently on deposit in the registry of the court. A hearing was held on the motion on November 20, 1989. A formal written judgment was signed on April 2, 1990. It is from this judgment that defendant appealed.

FACTS
Plaintiff and defendant were married on June 15, 1957. Plaintiff filed a petition for separation from bed and board against defendant on August 31, 1981. A judgment of separation was signed on March 23, 1982 and a judgment of divorce was signed on November 16, 1982.
Plaintiff petitioned for a final partition of community property on May 7, 1984. A hearing was held on July 5, 1984, and a formal judgment settling the community property was signed on April 9, 1985.
On September 8, 1989, plaintiff filed a motion to correct clerical error in judgment claiming that she was awarded $3,691.80 as reimbursement for house notes paid to the Lafayette Building Association, which was omitted from the final judgment. Plaintiff also asked that a notary be appointed to perform an accounting pursuant to the judgment and funds presently on deposit in the registry of the court be distributed. On October 18, 1989, defendant filed a rule to compel partition of all property and his objection to the proposed judgment in which he claimed that the proposed judgment did not reflect the proper distribution of funds being held, nor did it comply with the judgment of April 9, 1985. A hearing on the motion was held on November 20, 1985.
A formal written judgment was signed on April 2, 1990 distributing the funds being held in the registry of the court. It is from this judgment that defendant has appealed assigning three errors:
(1) The trial court lacked jurisdiction to sign an amended judgment, which resulted in the plaintiff being awarded $3,691.80 for reimbursement for sums paid to Lafayette Building Association;
(2) The trial court lacked jurisdiction to sign an amended judgment, which deleted the names of two parties cast in the original judgment and replacing these names with the plaintiff's name; and
(3) The trial court erred in signing a judgment, which did not award the defendant reimbursement of one-half of the bill for transcription of the testimony for appeal and reimbursement from plaintiff for the amount of the penalty for early withdrawal of funds from the Lafayette Building Association.

ASSIGNMENT OF ERROR NUMBER 1
Defendant claims that the original judgment was final and, therefore, plaintiff cannot amend the April 9, 1985 judgment to include reimbursement to herself for $3,691.80 for house notes paid to Lafayette Building Association.
In his written reasons for ruling, the trial judge found that the minutes of the court for July 5, 1984 indicated that plaintiff *162 was awarded such a reimbursement and amended the judgment pursuant to La.C.C.P. art. 1951, which reads as follows:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
Plaintiff claims that the judgment can be amended because this was a clerical error.
Under La.C.C.P. art. 1951, providing that the final judgment may be amended to alter the phraseology of the judgment but not the substance or to correct errors of calculation, the judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. As a general rule, a final judgment is not subject to a substantive amendment by the trial judge on his motion or the motion of any party; in such event recourse is by timely application for a new trial or timely appeal. Villaume v. Villaume, 363 So.2d 448 (La.1978); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3 Cir.1982).
In the present case, the trial judge amended the judgment to allow plaintiff reimbursement of $3,691.80 for house notes she had paid. This was done because the minutes of the court reflected that plaintiff had been awarded that amount. However, we find that such an amendment is a substantive amendment. It adds an award for reimbursement to plaintiff that was not in the April 9, 1985 judgment.
Therefore, plaintiff's proper recourse was to apply for a new trial or appeal from the judgment dated April 9, 1985. Plaintiff did not file the motion to correct the error until September 8, 1989, some four years after the first judgment. For these reasons, we hold that the trial judge should not have amended the April 9, 1985 judgment to reflect this award for reimbursement. Since the time for taking an appeal has elapsed, no court can alter the substance of the judgment.

ASSIGNMENT OF ERROR NUMBER 2
The April 9, 1985 judgment provided the following:
"IT IS ORDERED ADJUDGED AND DECREED that $900.00 in borrowed funds by Marlene King LeBlanc be paid to Mrs. Emily Lacobie.
IT IS ORDERED ADJUDGED AND DECREED that $500.00 in borrowed funds by Marlene King LeBlanc be paid to Mrs. Hilda L. King."
The April 2, 1990 judgment provided the following reimbursement to plaintiff:

"6. Reimbursement of sum
 paid to Emily Lacobie 900.00
 7. Reimbursement of sum
 paid to Hilda L. King 500.00"

Defendant contends that the trial court erred in deleting the names of Mrs. Emily Lacobie and Mrs. Hilda L. King and replacing them with the name of plaintiff, as this constitutes a substantive change in the judgment which is prohibited by La.C.C.P. art. 1951.
Prior to the judgment of April 2, 1990, which disbursed the funds found in the registry of the court, the defendant submitted a proposed judgment to the court which included reimbursement to plaintiff for the sums paid to Emily Lacobie and Hilda L. King. We find no evidence in the record that defendant objected to disbursement of these funds to plaintiff.
This court will only review issues that have been submitted to the trial court and raised in specifications or assignments of error on appeal, unless the interests of justice clearly require otherwise. Owens v. Jackson, 550 So.2d 359 (La.App. 3 Cir. 1989). Therefore, since defendant did not object to the reimbursement to plaintiff for sums paid to Lacobie and King and, indeed, proposed the same result in his own proposed form, we find that he cannot now complain about this issue on appeal.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in not including in the judgment an award to defendant for one-half of the bill for transcription of testimony for appeal of *163 the original judgment. Leblanc v. Leblanc, 490 So.2d 763 (La.App. 3 Cir.1986), writ den., 494 So.2d 332 (La.1986). Defendant also claims that the trial court should have awarded him reimbursement of the penalty for early withdrawal of funds in the registry of the court by plaintiff.
The April 2, 1990 judgment does provide that any court costs taxed against the plaintiff and defendant were to be paid from their portion of the gross proceeds from the sums on deposit in the registry of the court. Therefore, we do not find that there is a justiciable issue before this court.
There is no evidence in the record regarding the penalty of $76.42 other than in defendant's proposed judgment. There was also no mention of the penalty in the April 9, 1985 judgment.
The trial court's decision not to reimburse defendant for the early withdrawal of funds is a factual determination and, since there is no evidence in the record to indicate differently, we find that the trial judge was not manifestly erroneous in his conclusion not to reimburse defendant for this penalty.
For the above reasons, the judgment of the trial court amending the April 9, 1985 judgment, to include an order for reimbursement to plaintiff in the amount of $3,691.80, is reversed. Otherwise, the judgment of the trial court is affirmed.
Costs of this appeal are assessed equally between plaintiff-appellee, Marlene King LeBlanc, and defendant-appellant, Jack Roland LeBlanc.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.