660 So.2d 499 (1995)
Evelyn Aucoin SELLERS, Plaintiff-Appellee,
v.
Nolan Joseph SELLERS, Defendant-Appellant.
No. 95-196.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Rehearing Denied October 10, 1995.
*501 Roger Chadwick Edwards Jr., Abbeville, for Evelyn Aucoin Sellers.
Bernard Seymour Smith, Lafayette, for Nolan Joseph Sellers.
Before KNOLL and SULLIVAN, JJ., and BROUILLETTE[*], J. Pro Tem.
HAROLD J. BROUILLETTE, Judge. Pro Tem.
As part of a continuing dispute over a period of several years involving custody, support and community property, Nolan Sellers brought this action against his former wife, Evelyn Sellers, seeking to have the court: (a) declare null a judgment requiring him to pay $300 per month rent for the use of the community home; (b) declare null a sheriff's sale of the community home; and (c) order the cancellation of inscriptions of money judgments in favor of Evelyn Sellers recorded in the mortgage records of Vermilion Parish. The trial court denied all demands and Nolan Sellers has appealed on all issues. Evelyn Sellers answered seeking damages for frivolous appeal.
A judgment of separation from bed and board was rendered in 1984 granting custody of the four children of the marriage to Evelyn Sellers and ordering Nolan Sellers to pay alimony pendente lite and child support. Following that judgment, a number of motions to make child support arrearages executory were filed, heard and granted. Judgments on those motions were signed on February 10, 1987 in the amount of $1,340 plus interest and attorney's fees[1]; on June 12, 1988 in the amount of $2,177.50 plus interest and attorney's fees; and on April 20, 1992 in the amount of $5,950 plus interest.
A hearing on March 23, 1992, which resulted in the April 20, 1992 judgment for arrearages noted above, also involved rules for contempt, to increase child support, reduce child support, change of custody and matters relating to community property. The rules were tried before Judge Diana Simon and both parties were represented by attorneys who later withdrew their representation and are not counsel in this litigation. The minute entry for that hearing states, inter alia:
Nolan Sellers, Jr. is to pay the sum of $300.00 per month as rent on the community property. He is to get credit on the insurance paid by him.
A formal judgment was signed on April 20, 1992 clearly indicating that it emanated from the March 23, 1992 hearing. It was "Approved As To Form And Content" by both attorneys. The judgment makes no mention of the $300 rent which was included in the minutes.
Evelyn Sellers' present counsel enrolled as counsel on August 2, 1993 and filed a motion on September 14, 1993 seeking various orders and decrees. The motion alleges that Nolan Sellers had been ordered to pay rent on the family home in the amount of $300 per month. A hearing on all issues contained in the motion was assigned for September 27, 1993. The court minutes for September 27, 1993 provide:
A Pre-Trial [sic] was held in Chambers with Counsel. Both motions before the Court were withdrawn in Open Court. Stipulation Agreement by the parties. Stipulation to be set out in Judgment. Judgment to be signed upon presentation.
Apparently no stipulation was ever signed. With his letter to the court dated October 20, 1993, counsel for Evelyn Sellers enclosed two separate judgments. The letter stated that they had not been approved by opposing counsel because he was attempting to contact Nolan Sellers for authorization of the approval.
Without the approval of Nolan Sellers' counsel, the trial court signed both judgments, the first recognizing the three prior arrearage judgments as mentioned earlier *502 and ordering seizure of Nolan Sellers' one-half interest in the family home and the second rendering a separate judgment for $300 per month rent on the family home. The preamble to each of the judgments states:
This matter came to be heard on March 23, 1992, however a Judgment was never signed and counsel for Plaintiff and Defendant have been replaced. The matter was brought to the Court's attention at a regularly fixed rule this 27th day of September, 1993.
A writ of fieri facias was issued as directed by the court in the first October 21, 1993 judgment. It ordered seizure and sale of Nolan Sellers' interest in the family home. The sale proceeded routinely except that there was one postponement of the sale date at the direction of counsel for Evelyn Sellers. The sale was finally conducted on May 4, 1994 and Evelyn Sellers was the highest bidder for her former husband's undivided one-half interest. The record reflects that the $300 per month rent judgment was included by the sheriff in calculating the amount of the writ.

VALIDITY OF SHERIFF'S SALE
Nolan Sellers asserts that the sheriff's sale of the community home on May 4, 1994 should be annulled because (a) the writ included the judgment of February 10, 1987, which had been satisfied, and (b) the property was not reappraised when the sale was rescheduled from January 5, 1994 to May 4, 1994. He also questions the judgment of $300 per month rent being included in calculations of the amount of the writ. That judgment should be discussed first.
For the reasons discussed later in this opinion, the judgment of October 21, 1993 ordering the payment of a $300 monthly rental is set aside as a nullity. However, this is not grounds to set aside the sale because it was, at the time of the sale, a recorded executory judgment. These facts are comparable to a sheriff's sale on a judgment which is subsequently reversed on devolutive appeal. It has long been well established that the validity of sheriff sales made in execution of judgments which are executory are not affected by the subsequent reversal of the judgment on appeal. State v. Mutual Investment Company, 214 La. 356, 37 So.2d 817 (1948); Wetherbee v. Lodwick Lumber Company, 194 La. 352, 193 So. 671 (1940); Continental Securities Corporation v. Wetherbee, 187 La. 773, 175 So. 571 (1937). The reasoning and logic of those cases clearly apply to the present case.
With reference to Nolan Sellers' complaint about the failure to reappraise the property after the "cancellation" of the original sale date, the record shows clearly that this was simply a postponement of the sale date at the request of counsel and it was properly re-advertised in the official journal of the parish. There is nothing in the record to show that the original appraisal was not accurate and it is further pointed out that Nolan Sellers did not choose to name an appraiser as he was entitled to do.
To overcome the presumption of the validity of an appraisal, there must be a showing that the appraisal was fundamentally defective. John Deere Company v. Loewer, 505 So.2d 973 (La.App. 3 Cir.1987); Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La.App. 3 Cir.1966). The law is clear that if the sheriff's return shows that the property was sold after appraisement, it will be assumed that there was a legal appraisement unless the contrary is proved. Stockman v. Money, Inc., 277 So.2d 504 (La. App. 1 Cir.), writ not considered, 281 So.2d 738 (La.1973); Jones v. Alford, 172 So. 213 (La.App. 2 Cir.1937).
There were in fact errors in the sheriff's sale. As noted above, the February 10, 1987 judgment had been fully satisfied by prior sheriff's sale and should not have been included in the writ. Additionally, the writ directs the sheriff to seize and sell the property to satisfy a judgment rendered on October 21, 1993. The notice of seizure states that the amount of the writ is $9,467.50 plus interest, attorney's fees and costs. This was clearly an addition of the $1,340.00, $2,177.50, and $5,950.00 judgments which were recognized in the October 21, 1993 judgment. The writ was really issued to satisfy these three separate judgments rendered on three separate *503 occasions before October 21, 1993. This court is not aware of any authority for gathering up a number of judgments and accumulating them into one judgment for purposes of seizure and sale. However, we feel that this was an administrative error of the clerk of court or sheriff and that there was no damage resulting because there were valid and executory judgments to support the writ.
It was error to include the February 10, 1987 judgment in the judgment of recognition of October 21, 1993 and it follows that it was also error to include it in determining the amount of the writ. However, there were two valid judgments to support the seizure and sale and the error of including the February 10, 1987 judgment does not require a cancellation of the sale. As noted hereinafter, a recalculation of the distribution of the proceeds of the sale by the trial court will be required based upon this court's ruling.
In evaluating the claim of Nolan Sellers that the sale should be set aside because of the errors pointed out above, it should be noted that Nolan Sellers was properly served with all required notices and took no action to enjoin the sale; he waived his right to name an appraiser; and, perhaps most important, he attended and observed the sale without protest. In Edwards v. Edwards, 282 So.2d 858, 861 (La.App. 1 Cir.), writ refused, 284 So.2d 777 (La.1973) the court held:
Equally applicable herein is the well established rule that a party who is present at a judicial sale and is aware of defects in the proceedings, but sits idly by without making any protest or objection, is barred and estopped from subsequently attacking the validity of the sale on the basis of the known defects. The reason for the rule is the protection of the integrity of judicial sales. Harris v. First Nat. Bank in Arcadia, 185 La. 284, 169 So. 341; Greenwood Planting & Mfg. Co. v. Whitney C.T. & S. Bank, 146 La. 567, 83 So. 832; Vinton Oil & Sulphur Co. v. Gray, 135 La. 1049, 66 So. 357; Hibernia Nat. Bank v. Sarah Planting & Refining Co., 107 La. 650, 31 So. 1031; Parson v. Henry, 43 La.Ann. 307, 8 So. 918; Mullen v. Follain, 12 La. Ann. 838.
On the issue of setting aside the sheriff's sale, the judgment of the trial court is affirmed.

NULLITY OF JUDGMENT
Nolan Sellers claims that the judgment of October 21, 1993, which orders the payment of $300 per month as rent on the family home, is a nullity. We agree.
As pointed out earlier, the minutes of the March 23, 1992 hearing indicated that the rental was to be paid. However, it was excluded from the formal judgment which was signed on April 20, 1993. It is important to note that the attorneys and the judge who were present at the March 23, 1992 hearing and who signed the April 20, 1992 judgment played no part in the hearing of September 27, 1993 and the judgment signed on October 21, 1993.
Counsel for Evelyn Sellers argues that Judge Duplantier, who signed the October 21, 1993 judgment had the authority to require Nolan Sellers to pay rent, citing Rozier v. Rozier, 583 So.2d 87 (La.App. 3 Cir. 1991). He argues that the judgment is not an amendment of the April 20, 1992 judgment but is in effect a new judgment rendered by Judge Duplantier ordering the rent payment. The record does not support this argument. The judgment clearly reflects that the October 21, 1993 judgment was "[i]n accordance with the minute entry of March 23, 1992." It was not a determination on the merits by Judge Duplantier that the rent should be paid.
It is very important to note that although the judgment states that a judgment was never signed as rendered on March 23, 1992, that is clearly an error. A detailed judgment was prepared and signed by Judge Simon on April 20, 1992 and perhaps more importantly the judgment was approved as to form and content by both attorneys. It is significant that Nolan Sellers' attorney at the time of the October 21, 1993 judgment did not agree to the judgment being signed.
The judgment is clearly an amendment of the April 20, 1992 judgment. Is it a valid *504 amendment? La.Code Civ.P. art. 1951 provides:
Art. 1951. Amendment of judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Clearly, a judgment ordering the payment of $300 per month rent is a substantive judgment. With different counsel and a different judge, there is no way of knowing why the provision was omitted from the April 20, 1992 judgment and there is nothing in the record to show that the omission was unintentional. There could have been discussions between March 23 and April 20, 1992 in which an agreement was reached that rent would not be due and this may have been approved by the judge. But even if clearly shown to have been an unintentional omission, the law clearly precludes such an addition to the earlier judgment.
This case is remarkably similar to LeBlanc v. LeBlanc, 600 So.2d 160 (La.App. 3 Cir. 1992). In that case, the trial court amended a judgment to add a reimbursement to the wife of $3,691.80 for house payments she had made before the community was settled. This amendment was made on a motion to amend the judgment, and the trial court permitted the amendment on the basis that the minutes of court indicated that the wife was awarded such a reimbursement. This court reversed, holding:
Under La.C.C.P. art. 1951, providing that the final judgment may be amended to alter the phraseology of the judgment but not the substance or to correct errors of calculation, the judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. As a general rule, a final judgment is not subject to a substantive amendment by the trial judge on his motion or the motion of any party; in such event recourse is by timely application for a new trial or timely appeal. Villaume v. Villaume, 363 So.2d 448 (La.1978); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3 Cir. 1982).
In the present case, the trial judge amended the judgment to allow plaintiff reimbursement of $3,691.80 for house notes she had paid. This was done because the minutes of the court reflected that plaintiff had been awarded that amount. However, we find that such an amendment is a substantive amendment. It adds an award for reimbursement to plaintiff that was not in the April 9, 1985 judgment.
Therefore, plaintiff's proper recourse was to apply for a new trial or appeal from the judgment dated April 9, 1985. Plaintiff did not file the motion to correct the error until September 8, 1989, some four years after the first judgment. For these reasons, we hold that the trial judge should not have amended the April 9, 1985 judgment to reflect this award for reimbursement. Since the time for taking an appeal has elapsed, no court can alter the substance of the judgment. LeBlanc, 600 So.2d at 162.
In Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 777 (La.App. 2 Cir. 1991) the court held:
Contrary to Gulfco's assertions, Art. 1951 does not mandate the amendment of a final judgment to conform with the trial court's oral or written reasons for judgment where the amendment would make substantive changes to the original judgment. Villaume v. Villaume, supra; Hebert v. Hebert, 351 So.2d 1199 (La.1977). Indeed, the trial court's written judgment is controlling even though the trial judge may have intended otherwise. Hebert v. Hebert, supra; Shatoska v. Whiddon, 468 So.2d 1314 (La.App. 1st Cir.1985), writ denied, 472 So.2d 35 (La.1985); Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983). (Underscoring added).
A substantive amendment to a judgment is an absolute nullity. Labove v. Theriot, 597 So.2d 1007 (La.1992); Coomes v. Allstate Insurance Company, 517 So.2d 436 (La.App. 1 Cir.1987); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5 Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1 Cir.), writ *505 denied, 420 So.2d 981 (La.1982). An absolute nullity may be raised at any time and in any proceeding where the validity of such a judgment is asserted. Labove, 597 So.2d 1007; Charia v. Mungoven, 550 So.2d 939 (La.App. 5 Cir.1989); State v. Minniefield, 467 So.2d 1198 (La.App. 2 Cir.1985); Succession of Barron, 345 So.2d 995 (La.App. 2 Cir.1977).
We hold that the judgment of October 21, 1993 for the $300 per month rent was a substantive amendment to the judgment of April 20, 1992 and is therefore null and void.

CANCELLATION OF JUDGMENTS
The record is unclear as to which of the several judgments in favor of Evelyn Sellers and against Nolan Sellers have been satisfied. Nolan asserts that they have all been satisfied and that he is entitled to have the court order their cancellation.
As discussed earlier, with respect to the judgment of February 10, 1987 which was recorded on February 19, 1987 as mortgage entry # 8701975, this judgment was satisfied by payment in full to Evelyn Sellers in disbursement of the proceeds of a sheriff's sale on June 24, 1987. The proces verbal of the sale is in the record of this case and is recorded in the public records of Vermilion Parish. It constitutes authority for the Recorder of Mortgages to cancel the inscription of the judgment in full. Accordingly, the Recorder of Mortgages of Vermilion Parish is ordered to cancel the inscription of said mortgage by authority of this judgment upon payment of the cancellation fee normally charged for a conventional cancellation. See La.R.S. 9:5171 and 9:5165.
The judgment in favor of Evelyn Sellers and against Nolan Sellers dated October 21, 1993 ordering the payment of $300 per month rental for use of the family home was recorded on May 4, 1994 as mortgage entry # 9404294. This judgment has been adjudicated a nullity in this opinion and accordingly, the Recorder of Mortgages of Vermilion Parish is ordered to cancel the inscription of the judgment by authority of this judgment upon payment of the cancellation fee normally charged for a conventional cancellation. See La.R.S. 9:5171 and 9:5165.
Because the proces verbal of the sheriff's sale of Nolan Sellers' one-half interest in the family home on May 4, 1994 indicates that the writ was "not fully satisfied," there is no way for this court to determine which, if any, of the remaining judgments have been satisfied. An accurate disbursement of the proceeds of the sheriff's sale is further complicated by virtue of the writ having included the judgment of February 10, 1987, which had been previously paid, and the judgment of October 21, 1993, which this court has declared a nullity. Accordingly, this case is remanded to the district court for the purpose of determining a proper disbursement of the proceeds of the sheriff's sale of May 4, 1994 and to determine which, if any, of the judgments noted in the sheriff's sale have been satisfied and to order cancellation of the satisfied judgments.

FRIVOLOUS APPEAL
Evelyn Sellers answered the appeal of Nolan Sellers seeking damages for frivolous appeal. It is obvious from the foregoing discussion that there were genuine issues raised on appeal and, indeed, this court has found merit with respect to at least one of those issues. Accordingly, the appeal was not frivolous and the claim of Evelyn Sellers for damages is therefore denied.

CONCLUSION
For the reasons and in the particulars set forth in this opinion, the judgment of the trial court of September 28, 1994 is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs of this appeal are assessed one-half to Nolan Sellers and one-half to Evelyn Sellers.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[*] Honorable Harold J. Brouillette participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The judgment of February 10, 1987 was paid with proceeds from the June 24, 1987 sheriff's sale of a boat, motor and trailer belonging to the community, the writ having been returned by the Sheriff "fully satisfied" after making "payment in full" to Evelyn Sellers.