750 So.2d 210 (1998)
William Henry SANDERS, PlaintiffAppellee,
v.
AMERICAN FIDELITY FIRE INSURANCE COMPANY, et al., DefendantsAppellants.
No. 98-308.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1998.
Galen Wade McBride, Alexandria, for William Henry Sanders.
William Henry Sanders, Jena, pro se.
Henry Gerard Terhoeve, Dawn Theresa Trabeau-Mire, Baton Rouge, for La. Insurance Guaranty Ass'n (LIGA).
Mark Alan Watson, Alexandria, for A.D. Mathis, Jr., et al.
Howard Louis Murphy, New Orleans, for James H. Bradford, Jr., et al.
Carl Zeagler, et al., pro se.
BEFORE: THIBODEAUX, SAUNDERS, and WOODARD, Judges.
WOODARD, J.
William Sanders (Sanders) filed suit, number 18,004, against Zeagler Construction Company (Zeagler) for defects in the construction of his home. He amended the suit to include, as defendants, the architect, A.D. Mathys, (Mathys), and American Fidelity Fire Insurance Co. (American), the bonding company. Later, *211 Mathys' insurer, INA Insurance Company, (INA) was also added as a defendant. Because of American's insolvency, Sanders and his wife filed a separate suit, number 25,263, against Louisiana Insurance Guaranty Association (LIGA) for the amounts for which American was responsible. The suits were consolidated and tried before a jury. LIGA and INA appealed to this court from substantial judgments rendered against them. We affirmed in part, reversed in part, and specifically amended the decision to disallow any judgment against LIGA in suit number 18,004. An appeal was taken to the Louisiana Supreme Court. That court reversed the award of damages for emotional distress which had been rendered in favor of the Sanders. LIGA then tendered payment of the judgment in suit 25,263. The Sanders accepted LIGA's payment but stated that they reserved their right to pursue a claim for judicial interest against LIGA, presumably in suit number 18,004 in which Zeagler, Mathys, American, and INA were defendants. LIGA filed a motion to deem the judgment against it satisfied. The trial court modified that judgment, finding LIGA liable for all the judicial interest in suit number 18,004 to which the Sanders had reserved rights. Following a denial of a request for supervisory writs to this court and the supreme court, LIGA appealed the district court's modification of the judgment to this court. We reverse.

FACTS
In 1976, Sanders and his wife, Bessie, hired Mathys to design a house for them in Jena, Louisiana. They hired Zeagler as the lowest bidder pursuant to a bid proposal. Zeagler obtained a performance bond of $200,000.00 from American to cover performance of the construction contract.
In 1979, the house was completed. Mathys prepared a punch list of defective items for Zeagler to correct. Sanders signed a certificate of substantial completion on February 19, 1979. Sanders moved into the house in the spring of 1979 and continued to contact Zeagler concerning a number of unresolved problems with the house.
On July 30, 1981, Sanders filed suit against Zeagler, suit number 18,004. Thereafter, he amended his petition, adding American, Mathys, and Mathys' insurer, INA as defendants. American subsequently became insolvent and was placed in rehabilitation by a New York court. Based on American's insolvency, Sanders, joined by his wife, filed a second suit, on February 21, 1990, against the LIGA, suit number 25,263.
The cases were consolidated and tried before a jury in 1993. The jury awarded $35,000.00 in damages for "repairs already made" and $10,000.00 for "future repairs," apportioning twenty-five percent of the fault to Mathys and seventy-five percent to Zeagler. The jury also awarded $7,000.00, each, to Sanders and his wife for "mental anguish, emotional distress and inconvenience," allocating one hundred percent of the fault for these damages to Zeagler. Sanders and his wife moved for additur, judgment notwithstanding the verdict, or in the alternative for a new trial. The JNOV was granted against INA and LIGA, increasing the award for past repairs from $35,000.00 to $70,000.00 and the award for future repairs from $10,000.00 to $35,000.00. He also increased the award for emotional distress from $7,000.00, each, to $25,000.00, each, assigning twenty-five percent of the fault to Mathys.
LIGA and INA appealed the district court's judgment to this court. On appeal, one of the assignments of error by LIGA was that the judgment was improperly rendered against LIGA in suit number 18,004, as it was not a party to the main demand in that lawsuit. We agreed. The trial court erred in rendering judgment against LIGA in suit number 18,004. Sanders v. Zeagler, 95-1344, 95-1346 (La. App. 3 Cir. 3/6/96); 670 So.2d 748, reversed *212 in part, 96-1170 (La.1/14/97); 686 So.2d 819.
Consequently, we amended the judgment in suit number 18,004, to render judgment in favor of Sanders and against INA in the amount of $32,500.00, together with legal interest from the date of judicial demand plus certain court costs, disallowing any judgment against LIGA in suit number 18,004. We amended the judgment in suit number 25,263, to render judgment in favor of Sanders and against LIGA in the amount of $97,500.00, together with legal interest from the date of judicial demand plus court costs. We concluded there was no solidary obligation between the defendants.
On appeal, the Louisiana Supreme Court decreased the judgment in suit number 25,263, as it found that the award for emotional distress should be disallowed. Sanders, 686 So.2d 819. LIGA then paid the amount of the judgment in suit number 25,263, including interest from the date that suit was filed, February 21, 1990. It paid $151,081.55 to Sanders who executed a Receipt, Release, and Satisfaction of Judgment with a reservation of rights for amounts of legal interest Sanders contends are still due.
Contending that it satisfied the final judgment in suit number 25,263 and that it did not owe any judicial interest in suit number 18,004, as it was never named as a party defendant, LIGA filed a Motion to Deem Judgment Satisfied with the district court. The court heard the motion on June 17, 1997, rendered Written Reasons for Judgment on September 4, 1997, and signed a Judgment on October 8, 1997 which was mailed to all the parties on October 24, 1997. The district court modified that final judgment to require LIGA to pay legal interest from the date of the filing of suit number 18,004, which was 1981. Prior to this modification of the judgment by the district court, the delays for a new trial or an appeal of the judgments in suit numbers 18,004 and 25,263 had long since expired.
On October 2, 1997, LIGA filed a writ application with this court seeking review of the trial court's reasons for judgment in which the court had awarded interest to Sanders from the date of judicial demand in suit number 18,004. On November 12, 1997, we denied the writ with two judges finding there was an adequate remedy on appeal and one judge finding that the trial court lacked subject matter jurisdiction to make the ruling. On December 8, 1997, LIGA applied for a writ from the Louisiana Supreme Court. The Louisiana Supreme Court denied the writ application. LIGA appeals to this court the trial court's modification of the earlier judgment.

ASSIGNMENTS OF ERROR
Appellants allege that the trial court erred in:
(1) Modifying a final judgment;
(2) Modifying the final judgment against LIGA in suit number 25,263 to award interest from the date of judicial demand in suit number 18,004 wherein LIGA has never been named as a defendant; and
(3) Awarding interest against LIGA based on breach of contract.

LAW

MODIFICATION OF THE JUDGEMENT
We conclude that it is unnecessary for us to discuss the second and third assignments of error of LIGA.
The question before us is whether or not the district court erred when it modified the final judgment in suit number 25,263 to hold LIGA responsible for all the legal interest that accrued in a suit number 18,004 in which LIGA had not been named as a party.
La.Code Civ.P. art.1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:

*213 (1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
(Emphasis added.)
The following situations have been held by various courts to be impermissible modifications of the substance of a judgment: ordering a husband to pay $300.00 monthly rental on a community home, Sellers v. Sellers, 95-196 (La.App. 3 Cir. 5/31/95); 660 So.2d 499, writ denied, 95-2687 (La.12/15/95); 664 So.2d 445; granting legal interest and correcting award to children of $79.00 per month, Hunt Plywood, Inc. v. Estate of Davis, 26,161 (La. App. 2 Cir. 10/26/94); 645 So.2d 248, writ denied, 94-2871 (La.1/27/95); 649 So.2d 388; amending an original judgment to grant an exception of a party, Smith v. Succession of Trattler, 96-225 (La.App. 5 Cir. 9/18/96); 681 So.2d 961; adding an award for medical expenses in the amount of $19,342.92, expenses for continuing medical treatment and mileage reimbursement expenses, Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95); 670 So.2d 1242; adding another partner and partnership to a judgment, Pitard v. Schmittzehe, 28,571 (La.App. 2 Cir. 8/21/96); 679 So.2d 515; and amending a judgment adding judicial interest, Stevenson v. State Farm, 624 So.2d 28 (La.App. 2 Cir.1993). It is obvious that, without the consent of the parties, a judgment cannot be amended to take away or add something affecting substantive rights. La. Code Civ.P. art.1951. Sellers, 660 So.2d 499; Starnes, 670 So.2d 1242.
The modification of the judgment in the case sub judice adds legal interest for ten years, a substantial sum. There was no agreement of the parties to do so. It is a substantive amendment to the judgment in this case. In Sellers, this court said: "[a] substantive amendment to a judgment is an absolute nullity. LaBove v. Theriot, 597 So.2d 1007 (La.1992); Coomes v. Allstate Ins. Co. ., 517 So.2d 436 (La.App. 1 Cir.1987); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5 Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1 Cir.), writ denied, 420 So.2d 981 (La.1982)." Id. at 504-5.
Sanders argues in his brief that he "did not seek modification of a final judgment-rather he sought a more appropriate definition of the words `... from judicial demand' [in the judgment]" regarding LIGA's responsibility for judicial interest in suit number 18,004. Even if we were to assume for the sake of argument that Sanders were legally entitled to the legal interest in the modified judgment, as found in the district court's holding in question here, the proper time for him to have raised this issue, since it was not awarded, was following the signing of the judgment in the district court, either by a motion for new trial, or a motion for appeal. This, he failed to do for whatever reason. It is too late, now that the judgment has long since become final, to contend that he is entitled to a substantial award of judicial interest, representing a large sum, because of the reinterpretation of the words found in the judgment "... from date of judicial demand." Fundamentally, Sanders seeks to have us affirm a district court's substantive modification of a final judgment in which the delays for appeal had expired. This La.Code Civ.P. art.1951 will not permit.
We hold that the district court erred when it modified the judgment in suit 25,263 to hold LIGA responsible for legal interest from suit number 18,004 after the delays for appeal and a new trial had expired, and especially given the fact that we had legally determined that LIGA was not a party in that suit. The amendment to the judgment is a nullity. The judgment of the district court is reversed and set aside.

CONCLUSION
The decision of the trial court substantively modifying the judgment in suit number 25,263 to hold LIGA responsible for legal interest in suit number 18,004 is contrary *214 to La.Code Civ.P. art.1951 and is a nullity. The decision of the district court is reversed. The appellee is cast for all costs of this appeal.
REVERSED AND RENDERED.
THIBODEAUX, J., concurs and assigns written reasons.
SAUNDERS, J., concurs for the reasons assigned by Judge THIBODEAUX.
THIBODEAUX, J., concurring.
In my view, this case should be decided on the basis that LIGA should not be liable for all of the judicial interest in suit No. 18,004 on the basis that it was not a party to the litigation under docket number 18,004.
La.Code Civ.P. art. 1841 provides that "[a] judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." A judgment cannot determine rights or award relief to parties or entities who are not parties to the litigation. Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3 Cir.1992).