# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1328

MICHAEL L. GLASS

VERSUS

PATRICIA M. GLASS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 213,870
HONORABLE HARRY RANDOW, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**Peters, J., concurs in the result and assigns written reasons.**

                                    **REVERSED IN PART; AFFIRMED
                                        IN PART; AND REMANDED.**

**Jeffrey H. Thomas**
**Thomas Law Firm**
**P. O. Drawer 548**
**Natchitoches, LA 71458-0548**
**(318) 352-6455**
**Counsel for Defendant/Appellant:**
    **Patricia M. Glass**

**Terry Aubin**
**The Aubin Law Firm**
**3600 Jackson Street, Suite 107**
**Alexandria, LA 71303**
**(318) 561-7000**
**Counsel for Plaintiff/Appellant:**
    **Michael L. Glass**

**DECUIR, Judge.**

This is the second appeal in this community property partition proceeding to this court. In the first appeal, this court issued an unpublished opinion wherein we addressed *Glass v. Glass,* 07-124 (La.App. 3 Cir. 5/30/07), *writ denied* 07-1797 (La. 11/21/07).

**FACTS**

Michael and Patricia Glass were divorced on February 9, 2004. A fairly complex partition proceeding followed and the trial court entered a single money judgment representing net reimbursement owed and a cash equalizing sum together with legal interest. That judgment ultimately ended up before this court. This court amended the trial court judgment to adjust the amount of reimbursement due the respective parties and otherwise affirmed the trial court. The net effect of that amendment was to award an additional $50,148.65 to Patricia. Our judgment was silent with regard to judicial interest. Patricia did not seek a rehearing nor did she raise the issue of judicial interest in her writ application to the supreme court. In December 2007, Patricia filed a rule to show cause in the trial court, wherein she sought to receive judicial interest on the amount of the court of appeal judgment and to require an accounting of all rental income received by Michael from July 12, 2006 through September 30, 2006. Michael filed an exception of no subject matter jurisdiction, alleging the trial court was without authority to amend the court of appeal judgment. The trial court denied Michael's exception and ordered the requested accounting which Michael filed, and judgment was entered on August 28, 2008, finding that the net rental income from July 12, 2006, through September 30, 2006, was $3,856.04, based on the accounting filed by Michael, and amending the

court of appeal judgment to award Patricia judicial interest on the increased

reimbursement. Both parties appeal.

## AMENDMENT TO COURT OF APPEAL JUDGMENT

Michael argues that the trial court had no authority to amend the judgment of

the court of appeal. We agree.

In *Wheat Inc. v. Caruthers*, 439 So.2d 1065, 1066 (La.1983), the supreme court

said:

> Within thirty days of the mailing of notice of rendition of judgment by
> the court of appeal, a party may either apply to the court of appeal for a
> rehearing or apply to the supreme court for certiorari. If no timely
> application is filed in either court, the judgment of the court of appeal
> becomes final and definitive, and acquires the authority of the thing
> adjudged. C.C.P. 2166. Once the judgment of the court of appeal
> acquired the authority of the thing adjudged, the court of appeal lost the
> power and authority to reverse or modify that judgment. (Footnote
> omitted)

Louisiana Code of Civil Procedure article 2088 provides, in pertinent part:

> The jurisdiction of the trial court over all matters in the case reviewable
> under the appeal is divested, and that of the appellate court attaches, on
> the granting of the order of appeal and the timely filing of the appeal
> bond, in the case of a suspensive appeal or on the granting of the order
> of appeal, in the case of a devolutive appeal.

Accordingly, when Patricia filed her rule to show cause in December 2007, neither

this court nor the trial court had the authority to amend the court of appeal judgment.

Moreover, even if the court had jurisdiction to amend the judgment, it could not have

done so to award judicial interest. In *Sanders v. American Fidelity Fire Ins. Co.*,

98-308 (La.App. 3 Cir. 9/23/98), 750 So.2d 210, 213, this court said:

> The following situations have been held by various courts to be
> impermissible modifications of the substance of a judgment: ordering
> a husband to pay $300.00 monthly rental on a community home, *Sellers
> v. Sellers*, 95-196 (La.App. 3 Cir. 5/31/95); 660 So.2d 499, *writ denied*,
> 95-2687 (La. 12/15/95); 664 So.2d 445; granting legal interest and
> correcting award to children of $79.00 per month, *Hunt Plywood, Inc.*

2

*v. Estate of Davis*, 26,161 (La.App. 2 Cir. 10/26/94); 645 So.2d 248, *writ denied*, 94-2871 (La. 1/27/95); 649 So.2d 388; amending an original judgment to grant an exception of a party, *Smith v. Succession of Trattler*, 96-225 (La.App. 5 Cir. 9/18/96); 681 So.2d 961; adding an award for medical expenses in the amount of $19,342.92, expenses for continuing medical treatment and mileage reimbursement expenses, *Starnes v. Asplundh Tree Expert Co.*, 94-1647 (La.App. 1 Cir. 10/6/95); 670 So.2d 1242; adding another partner and partnership to a judgment, *Pitard v. Schmittzehe*, 28,571 (La.App. 2 Cir. 8/21/96); 679 So.2d 515; and amending a judgment adding judicial interest, *Stevenson v. State Farm*, 624 So.2d 28 (La.App. 2 Cir. 1993). It is obvious that, without the consent of the parties, a judgment cannot be amended to take away or add something affecting substantive rights. La.Code Civ.P. art.1951. *Sellers*, 660 So.2d 499; *Starnes*, 670 So.2d 1242.

The modification of the judgment in the case sub judice adds legal interest for ten years, a substantial sum. There was no agreement of the parties to do so. It is a substantive amendment to the judgment in this case. In *Sellers*, this court said: "[a] substantive amendment to a judgment is an absolute nullity. *LaBove v. Theriot*, 597 So.2d 1007 (La.1992); *Coomes v. Allstate Ins. Co.*, 517 So.2d 436 (La.App. 1 Cir. 1987); *Almerico v. Katsanis*, 458 So.2d 158 (La.App. 5 Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1 Cir.), *writ denied,* 420 So.2d 981 (La.1982)." *Id*. at 504-5.

In this case, the trial court amended a judgment of this court to add judicial interest. Louisiana Code of Civil Procedure Article 1951 provides no authority for the trial court to amend its own judgment to award judicial interest let alone to amend a judgment of this court.

We are cognizant of the fact that this court awarded interest in a similar circumstance in *Preis v. Preis,* 95-352 (La.App. 3 Cir. 12/6/95), 664 So.2d 860, *writ denied,* 95-3096 (La. 2/28/96), 668 So.2d 368. As pointed out in Judge Peters' dissent, the majority in that case in resolving the question of the claimants' entitlement to legal interest overlooked the court's lack of authority to modify a final judgment. Therefore, by overlooking the issue the court did not specifically hold that it had the authority to modify a final judgment. Instead, that holding is inferred from the court's action. It is, however, an improper inference. The court in *Preis* simply

exceeded its authority. As noted above, the legislature and the supreme court have clearly resolved this issue; neither we nor the trial court have the authority to make substantive modifications to a final judgment. To the extent that *Preis* suggests the contrary, it is incorrect. Accordingly, the judgment of the trial court denying the exception of lack of subject matter jurisdiction and amending the court of appeal judgment to provide for judicial interest is reversed.

## POST HEARING RENTAL INCOME

Patricia contends the trial court erred in refusing to award rental income for the period from trial to judgment. We disagree.

In the previous appeal to this court, Patricia raised this issue, but we declined to discuss this issue believing it had not been raised in the trial court. However, in its written reasons for judgment supporting the judgment currently being appealed, the trial court indicated that it had addressed the issue of rental income together with rental expenses and that it denied both for the reasons cited in *Sheridon v. Sheridon*, 03-103 (La.App. 3 Cir. 2/4/04), 867 So.2d 38. We find no error in the trial court's ruling on this issue.

## HEARING ON ACCOUNTING

Patricia next contends that the trial court erred calculating post-judgment net rental income and in not holding a hearing on the accounting submitted by Michael. We agree. Louisiana Revised Statute 9:2801 clearly contemplates a contradictory hearing to traverse an accounting of community assets. Accordingly, we vacate the trial court's determination that the net rental income generated by the property is $3,856.04 and remand the case for a hearing on the accounting submitted by Michael.

4

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed insofar as it amends the prior judgment of this court to award judicial interest; the judgment is affirmed insofar as it denies Patricia Glass' claim for rental income between trial and judgment; the judgment is vacated insofar as it determines that the net rental income from July 12, 2006, through September 30, 2006, is $3,856.04 and the case is remanded for a hearing to traverse the accounting submitted by Michael Glass. All costs of these proceedings are taxed to appellant, Patricia Glass.

**REVERSED IN PART; AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

**MICHAEL L. GLASS**

**VERSUS**

**PATRICIA M. GLASS**


PETERS, J., concurring in part.

I agree with the majority in its conclusion that the trial court did not have the authority to amend this court's May 30, 2007 judgment. However, I write separately to point out that the trial court's effort to grant Patricia Glass legal interest on the increased reimbursement was a vain and useless act, as Patricia already has a judgment awarding her legal interest. The amended trial court judgment reads in pertinent part as follows:

> ORDERED that the parties' respective reimbursement claims totaling $256,530.33 for Michael Glass and $301,198.49 for Patricia Glass; it is further
>
> ORDERED that Patricia Glass owes Michael Glass a cash equalizing sum for the difference in net assets allocated, and that cash equalizing sum is $41,380.00;
>
> Accordingly, considering the net reimbursement owed and also considering the cash equalizing sum owed, all as mentioned above, it is further
>
> ORDERED that [a] single money judgment is hereby rendered herein, representing net reimbursement owed and also representing the cash equalizing sum, in favor of Patricia Glass and against Michael Glass in the principal sum of $3,284.16 *plus legal interest* thereon from August 22, 2006 until paid in full[.]

(Emphasis added.)

In its prior opinion, this court made the following amendment to that judgment:

For these reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered as follows. The reimbursement due Michael, considering the conclusions reached herein, is $252,150.30. The reimbursement due Patricia, considering the conclusions reached herein, is $343,682.99.

*Glass v. Glass*, 07-124, p. 18 (La.App. 3 Cir. 5/30/07), *writs denied*, 07-1797, 07-1883 (La. 11/21/07), 967 So.2d 1156, 1157.

Thus, this court's prior opinion only adjusted the reimbursement claims established by the trial court. In fact, our opinion specifically affirmed the remainder of the judgment, which would include the award of interest on the adjusted single money judgment.

In all other respects, I agree with the majority's opinion.