NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-650

**DELORES GALLAND**

**VERSUS**

**JON BLADEL, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
MARKSVILLE CITY COURT
PARISH OF MARKSVILLE CITY COURT, NO. C-10-20
HONORABLE ANGELO JOSEPH PIAZZA, III, CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**REVERSED.**

Thomas D. Davenport, Jr.
The Davenport Firm
1628 Metro Drive
Alexandria, LA 71301
(318) 445-9696
Counsel for Defendant-Appellant:
Jon Bladel
Bladel Enterprises, LLC
Bladel Homes, LLC

Derek Paul Manuel
Attorney at Law, PLLC
115 East Ogden St.
Marksville, LA 71351
(318) 717-1199
Counsel for Plaintiff-Appellee:
Delores Galland

**PICKETT, Judge.**

The defendants, Jon Bladel, Bladel Enterprise, LLC, and Bladel Homes, LLC, appeal judgments in favor of the defendant, Delores Galland.

## STATEMENT OF THE CASE

Dolores Galland filed a claim in Marksville City Court against Jon Bladel, alleging Bladel owed her $2,500.00 plus interest for work Galland did on his property. Trial was set for February 11, 2010. Bladel failed to appear at the trial, and Galland introduced no evidence except her testimony that she cleaned up a house that Galland owned in preparation for resale. On the same date as the trial, the trial court issued a judgment in favor of Galland against Bladel in the amount of $3,121.95. The trial court also issued a summons for Bladel to appear for a Judgment Debtor Exam on March 4, 2010.

Bladel appeared at the March 4, 2010, hearing. He did not contest that he owed Galland the money. Galland complained that Bladel had transferred all of his property to Bladel Enterprise, and offered to introduce the testimony of Bladel's former secretary to prove her claim. The trial court explained to Galland that she needed to amend her petition to add a new defendant. The trial court allowed Bladel to take the Judgment Debtor questionnaire home to complete and return the next day. On the form, he claimed he owned no property with which to satisfy the judgment.

On March 10, 2010, Galland filed an amending petition adding Bladel Enterprise, LLC and Bladel Homes, LLC as defendants. On April 8, 2010, the trial court signed an amended judgment in open court in favor of Galland against Bladel, Bladel Enterprise, and Bladel Homes for the amount of $3,881.51. There is no explanation in the record of why the amount was increased. There is no evidence that

1

a hearing was held affording Bladel Enterprise and Bladel Homes to refute the claims against them. A hearing was held on May 6, 2010, at which time Galland introduced evidence that Bladel transferred property from his name to Bladel Enterprise and Bladel Homes between February 25, 2010 and March 4, 2010.

Bladel, Bladel Enterprise, and Bladel Homes now appeal both the February 11, 2010 judgment and the April 8, 2010 amended judgment.

## ASSIGNMENTS OF ERROR

Bladel, Bladel Enterprise, and Bladel Homes assert two assignments of error:

1.  The trial court committed legal error by granting a judgment in favor of Ms. Galland, who did not satisfy her burden of proof. In the alternative, the trial court committed manifest error by awarding a money judgment against Mr. Bladel.

2.  The trial court committed legal error by violating La.Code Civ.P. art. 1951 when it amended the substance of the original judgment.

## DISCUSSION

We will first address the second assignment of error. It is clear from the record that the trial court signed an amended judgment that changed the substance of the original judgment. The amended judgment added defendants that were not named in an amending petition until after the original judgment had been signed. Louisiana Code of Civil Procedure article 1951 forbids an amended judgment from altering the substance of the original judgment. A substantive amendment to a judgment is an absolute nullity. An absolute nullity may be raised at any time and in any proceeding where the validity of such a judgment is asserted. *Sellers v. Sellers*, 95-196 (La. App. 3 Cir. 5/31/95), 660 So.2d 499, *writs denied*, 95-2580 (La.12/15/95), 664 So.2d 444 *and* 95-2687 (La.12/15/95), 664 So.2d 445 (citations omitted). We find that the amended judgment dated April 8, 2010 was an absolute nullity.

2

As to the first judgment, Bladel claims that Galland did not offer adequate proof to substantiate her claim. Louisiana Civil Code article 1846 states:

> When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
>
> If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.

At the hearing on February 11, 2010, the only evidence introduced to support Galland's claim was her own testimony. While a plaintiff may serve as the witness to prove the existence of the oral contract, there must be corroborating circumstances from a source other than the plaintiff. *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459 (La. 4/12/05), 907 So.2d 37. There is an absence of any corroborating circumstances in this case. We find, therefore, that Galland has failed, as a matter of law, to establish the existence of an oral contract. The judgment of February 11, 2010, is therefore reversed. Costs of this appeal are assessed to the appellee, Delores Galland.

**REVERSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.